Kenneth Lee BAKER, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12284.

Criminal Court of Appeals of Oklahoma.

March 14, 1956.

Kenneth Lee Baker, pro se.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, Presiding Judge.

This is an appeal from a sentence of 20 years imprisonment after a plea of guilty

was entered by Kenneth Lee Baker to the charge of rape in the first degree filed against him in the Superior Court of Garfield County.

■■■ Two propositions are presented: 1. The court erred in refusing to allow the defendant to withdraw his plea of guilty and substitute a plea of not guilty. 2. The sentence was excessive. These assignments of error will be considered together.

The record discloses that a criminal complaint was filed against the accused on May 12, 1955, charging him with the crime of rape allegedly committed on one Carol Nivison, 13 years of age. On May 13 the defendant was arraigned before the committing magistrate, waived a preliminary examination and was ordered held to await trial before the Superior Court of Garfield County. Thereafter an information was filed in the Superior Court of Garfield County charging the identical offense set forth in the criminal complaint. Upon arraignment of the accused in the Superior Court on May 16, 1955, David L. Field, an attorney of Enid, was appointed to represent the accused. Thereupon Mr. Field filed a motion to set aside the information and remand the case to the committing magistrate for the purpose of holding a preliminary hearing. This motion was sustained. A preliminary hearing was held and a transcript of the testimony of the witnesses who appeared at said hearing was prepared and filed in the Superior Court. Thereafter on June 1, 1955, counsel for the accused made application to have the defendant committed to a state mental hospital for examination and observation as to his sanity. The accused was committed to the Western State Hospital at Fort Supply where he remained 7 weeks. On July 22, 1955, the superintendent of the hospital filed his findings with the Superior Court of Garfield County in which he stated that the accused was a normal person of average intelligence with no evidence of psychosis.

Thereafter the case was assigned for trial at a regular jury term of the Superior Court to be held on September 9, 1955. On the latter date the accused appeared in person and with his counsel, withdrew his plea of not guilty and entered a plea of guilty.

The trial court interrogated the accused who admitted his guilt and stated that it was his desire to plead guilty. The county attorney thereupon introduced in evidence the transcript of the testimony taken at the preliminary examination and recommended a sentence of 20 years imprisonment in the penitentiary. The trial court followed the recommendation of the county attorney and sentenced the accused to 20 years imprisonment in the penitentiary and he was immediately transported to that institution where he has since been confined.

Thereafter on October 17, 1955, the defendant filed a motion for leave to withdraw his plea of guilty and to substitute a plea of not guilty in which motion the accused alleged that he had entered his plea of guilty under duress and because of threats by the prosecution and that he was led to believe he would receive a lesser punishment if he entered a plea of guilty. At the same time the accused filed notice of his intention to appeal from the judgment and sentence and asked the court to prepare a record at the expense of Garfield County. The trial court thereupon prepared a transcript of the record and it was regularly docketed in this court as the appeal from the conviction. This record does not disclose what disposition was made of the motion to withdraw the plea of guilty and substitute a plea of not guilty, but for the purpose of the disposition of this appeal we are assuming that it was denied.

The transcript of the testimony taken at the preliminary examination showed that the prosecuting witness had been employed by a married woman to baby-sit with her four children. This woman was the wife of a soldier stationed in Korea. While her husband was overseas this woman was dating other men including the defendant, Kenneth Baker, who was also a married man stationed at Vance Air Force Base. On the night in question the prosecutrix, Carol Nivison, was taking care of the children when the mother appeared at the home on two occasions. The first time she came home she was with the defendant and another man. The second time she returned with the other man but the defendant was not present. Shortly after midnight, the

defendant appeared at this home and after being admitted informed the prosecutrix that the woman who had employed her had requested him to take the prosecutrix home. The prosecutrix recognized the defendant as being one of the men who had accompanied her employer to the house earlier in the evening so without hesitation she went to his automobile thinking that she was being taken home. Instead of taking her home the defendant took her out on a road east of Enid over her protests and there kept her for 4 or 5 hours during which time he repeatedly had sexual relations with her. The girl was taken home about 5:30 A.M. with her clothes dishevelled and in a hysterical condition. Officers were notified and they arrested the accused within an hour. The prosecutrix was taken to a hospital and the doctor testified that his examination disclosed that she had been penetrated and that her vagina was discolored and bruised and bleeding.

In Scroggins v. State, Okl.Cr., 287 P.2d 217, 220, this court held:

" 'Where the defendant seeks to withdraw his plea of guilty and substitute therefor a plea of not guilty, the burden is upon the defendant to show that his plea of guilty was entered through inadvertence or through ignorance, influence, or without deliberation, and that there is a defense that should be presented to the jury.' "

It was also held in that case:

" 'Where judgment has been rendered and the defendant has suffered the penalty pronounced in the judgment in whole or in some substantial part, even during the term, the authority of the court rendering the judgment is at an end and the trial court is without jurisdiction to modify, suspend, or otherwise alter the judgment, except to set aside a judgment void on its face as shown by the record.' ".

The defendant did not contend in his motion for leave to withdraw his plea of guilty that he was innocent of the charge or had a defense to be presented to the jury. He was ably represented by counsel. He entered his plea of guilty at a time when the jury was present and he could have been given a jury trial. The sentence of 20 years imprisonment was certainly not excessive under the facts disclosed by the record.

Affirmed.

BRETT and POWELL, JJ., concur.