**Josephine THOMPSON, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14690.**

Court of Criminal Appeals of Oklahoma.

Nov. 12, 1969.

Sam Goodwin, Pauls Valley, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Preston A. Trimble, Dist. Atty., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

Plaintiff in error, hereafter referred to as defendant, entered a plea of guilty to a charge of Grand Larceny, and subsequently moved to withdraw her plea of guilty and substitute therefor a plea of not guilty. The trial court conducted a hearing on defendant's oral motion to withdraw the plea of guilty on September 8, 1967, and denied her motion to withdraw the plea; but at the conclusion of the hearing, deferred the imposition of judgment and sentence until the following September 25th, in order that defendant could make certain arrangements at her home. On the date set for the passing of judgment and sentence, counsel for defendant entered a written motion to withdraw the guilty plea and substitute therefor a plea of not guilty; and at the same time counsel filed a motion for new trial setting forth the same reasons stated in the motion to withdraw the plea. After hearing argument of counsel, the court denied the motion to withdraw the plea, and the motion for new trial. The prosecutor recommended that defendant be sentenced to serve twenty-two months confinement, but the trial judge chose to impose a sentence of eighteen months con-

finement, which was the same as the sentences which had been earlier assessed defendant's two female companions, who were arrested and charged with the same offense of grand larceny. This defendant was one of five persons who had gone to Pauls Valley, Oklahoma, for the purpose of "shop-lifting." The other two women entered pleas of guilty and have served their time in the state penitentiary. The record before the Court also reflects that the trial court granted defendant numerous continuances between the time she entered her plea of guilty, and the time when judgment and sentence was imposed.

At the time of passing judgment and sentence, defendant served her notice of intention to appeal and requested that her appeal be granted at State expense. The Court conducted a hearing on the request and granted the appeal at State expense and permitted defendant to remain free on bail in the amount of $1000.00.

Defendant sets forth in the brief filed in this Court numerous cases which correctly state the law with reference to the withdrawal of a plea of guilty and the substitution therefor, a plea of not guilty. As the District Attorney for Garvin County states in his reply brief, "counsel for defendant correctly states the law." The district attorney carefully shows the distinction between the cases cited, and the facts of the case at bar. He then cites— among others—Baker v. State, Okl.Cr., 295 P.2d 294 (1956), which is applicable to the instant case, and provides:

> "Where the defendant seeks to withdraw his plea of guilty and substitute therefore a plea of not guilty, the burden is upon the defendant to show that his plea of guilty was entered through inadvertence or through ignorance, influence, or without deliberation, and that there is a defense that should be presented to the jury." See also: Scoggins v. State, Okl. Cr., 287 P.2d 217.

We have carefully reviewed the record before the Court and fail to find any showing that defendant was coerced by undue influence, or that she entered her plea of guilty without deliberation. The record clearly shows that defendant had counsel and he was present with her when she entered her plea. Also, there was no showing that defendant had a defense to the charge confronting her, which should be presented to a jury. Hence, there is no showing whatsoever that the trial court abused its discretion.

We are therefore of the opinion that the judgment and sentence of the District Court of Garvin County in case number 3334, in which judgment and sentence was imposed September 24, 1967, should be, and the same is therefore, affirmed. It is so ordered.