Larry Lonnie LEE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. C–73–364.

Court of Criminal Appeals of Oklahoma.

March 20, 1974.

John R. Green, Duncan, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., James C. Peck, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, Stephens County, Case No. CRF–73–51, appellant, Larry Lonnie Lee, hereinafter referred to as defendant, on his plea of guilty, was convicted for the offense of First Degree Burglary, After Former Conviction of a Felony. His punishment was fixed at ten (10) years imprisonment. Within the court's judgment and sentence, the court recited that defendant was to serve eight (8) years within the confinement of the Department of Corrections with the remaining two (2) years to be suspended upon his good behavior. On October 26, 1973, defendant filed a petition for writ of certiorari in this Court and in an order dated November 6, 1973, this Court granted certiorari and allowed defendant to perfect an appeal to this Court.

The record reflects that on October 7, 1973, defendant appeared before the Honorable Hegel Branch, Judge of the District Court, Stephens County, Oklahoma, and with court-appointed counsel entered a plea of guilty for the above mentioned offense. The trial judge continued sentencing until October 15, 1973. On October 15, 1973, defendant appeared before the court and requested permission to withdraw his plea of guilty and substitute therefor a plea of not guilty. The trial court denied defendant's request and imposed the above mentioned sentence.

Defendant asserts as his single assignment of error that the trial court abused its discretion in not permitting him to withdraw his plea of guilty.

In reviewing the record made at defendant's plea of guilty, we note first that the thirty-three page record made by the trial court in receiving defendant's plea of guilty and imposing sentence is in full compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Tipton v. State, Okl.Cr., 498 P.2d 429 (1972), and Copenhaver v. State, Okl.Cr., 431 P.2d 669 (1967). The trial court conducted an exhaustive interrogation of defendant regarding his rights prior to receiving a plea of guilty and the record clearly reflects the plea of guilty was a free and voluntary plea. Therefore, the only ground upon which defendant may assert error is that which is argued in his brief, that the trial court abused its discretion in not permitting him to withdraw his plea. Where the discretion of the court is involved in permitting a withdrawal of a plea of guilty and substitute, therefor, a plea of not guilty, the burden is clearly upon the defendant to show that his plea of guilty was entered through inadvertence, through ignorance, influence, or without deliberation *and* that there is a defense that should be presented to the jury. See Baker v. State, Okl.Cr., 295 P.2d 294 (1956). The weight of Oklahoma authority clearly casts the burden upon the defendant to establish those criteria set forth in *Baker, supra*. It is this Court's opinion defendant did not sustain his burden.

On October 15, 1973, at the time of sentencing, the trial court, upon defendant's application to withdraw his plea of guilty, inquired into defendant's reasons for requesting withdrawal of said plea. After several questions propounded by the court and answers given by the defendant, defendant asserted, "I figured—I figured I could get more time if I went to jury." (TR 18). Further, defendant, after indicating his satisfaction with trial counsel asserted he had a defense to the above offense. The criteria set forth in *Baker, supra,* are set forth in the conjunctive. The fact that defendant alleges he has a defense to the offense for which has previously entered a plea of guilty does not in and of itself sustain his burden that he is entitled to withdraw his plea of guilty. The record in the case at bench clearly indicates defendant's plea of guilty was free, voluntary, and knowingly entered. Since those criteria set forth in *Baker, supra,* are in the conjunctive, defendant is required to show his plea of guilty was not intelligently entered in addition to establishing he had a defense for the offense. Consequently,

the record does not support defendant's argument, the trial court abused its discretion in not permitting a withdrawal of the plea.

We, therefore, find the judgment and sentence should be affirmed.

BRETT and BUSSEY, JJ., concur.