Kenneth Paul KELLER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–555.

Court of Criminal Appeals of Oklahoma.

June 8, 1987.

John N. Fleur, Lawton, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Kenneth Paul Keller, was convicted in the District Court of Oklahoma County, Case No. CRF–84–4541, of Indecent Exposure After Former Conviction of a Felony, for which he received a sentence of ten years with six years suspended. From this judgment and sentence he appeals raising four assignments of error.

Briefly stated, the facts show that on August 26, 1984, at about 4:15 a.m., Lori Easter was working outside a convenience store where she was employed, in Oklahoma City. Hearing a noise, she turned and saw a man, whom she identified in court as the appellant, about four feet away from her, masturbating. She tried to spray him with the garden hose she was holding, but failing, she went back into the store and locked the door.

The appellant called witnesses who testified that he was in Lawton on August 25 and 26, 1984.

 As his first assignment of error, the appellant contends that he was deprived of effective assistance of counsel because his trial counsel did not cross-examine the State's eyewitness. In order to establish that counsel is so defective that a conviction must be reversed, the appellant must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant speculates about what a cross-examination might have shown, and what impact the failure to cross-examine may have been on the jury, but such speculation does not establish that trial counsel's performance was deficient. Several alibi witnesses were presented in an attempt to show that the appellant was in Lawton during the time the crime was committed. Presenting an alibi defense instead of rehashing the testimony of the eyewitness and possibly further damaging the appellant's case is a valid strategy. This assignment of error is without merit.

 In his second assignment of error, the appellant claims that there was insufficient evidence to sustain the verdict. The test for sufficiency of the evidence is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A review of the record shows that the eyewitness clearly viewed the appellant in a well lighted area and made a positive identification of him in court. Weighing testimony, determining the credibility of the witnesses, and resolving conflicts in the testimony is the province of the jury. *Jones v. State*, 648 P.2d 1251 (Okl.Cr.1982). Under the test stated in *Jackson*, we find that sufficient evidence was presented for the jury to find the appellant guilty as charged beyond a reasonable doubt.

 In his third assignment of error, the appellant argues that the indecent exposure statute, 21 O.S.1981, § 1021(1) is unconstitutionally vague. That statute provides that "Every person who willfully (1) Lewdly exposes his person, or private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby; ... is guilty of a felony...." The appellant's argument is that the use of the terms "offended" and "annoyed" places too much emphasis on the sensitivity of the alleged victim, peace officer, judge or jury. Whether or not a criminal statute is unconstitutional is determined by whether per-

sons of common intelligence must guess at its meaning. *Pegg v. State*, 659 P.2d 370 (Okl.Cr.1983). The statute in question proscribes willful, lewd exposure of one's person or private parts in any public place, or wherever there are persons present to be offended or annoyed by such action. The statute does not make offensive or annoyance an element of the crime, but only the presence of the persons "to be offended or annoyed." A person of common intelligence would certainly realize that such a statute forbids masturbating in a public place in front of a stranger. A person to whom a statute may be constitutionally applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in situations not before this Court. *See Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). Therefore, this assignment of error is likewise meritless.

Finally, the appellant complains that the trial court improperly overruled his demurrer to the evidence and motion to dismiss after the close of the State's case. As this argument is based on the assumption that 21 O.S.1981, § 1021 is constitutionally void for vagueness, we need not address this assignment of error as we have found the statute to be constitutional.

BRETT, P.J., concurs in results.

PARKS, J., concurs.