Kevin Michael ESTELL, Appellant,

v.

STATE of Oklahoma, Appellee.

No. C-86-49.

Court of Criminal Appeals of Oklahoma.

Dec. 8, 1988.

As Corrected Dec. 9, 1988.

Rehearing Denied Jan. 6, 1989.

Pete Gelvin, Asst. Appellate Public Defender, Oklahoma City, for appellant.

## OPINION

BUSSEY, Judge:

Kevin Michael Estell, appellant, entered pleas of guilty to charges of Possession of a Controlled Dangerous Substance (Marijuana) with Intent to Distribute, After Former Conviction of Two or More Felonies, in Case No. CRF–85–2366; and Burglary in the Second Degree, After Former Conviction of a Two or More Felonies, Assault and Battery with a Dangerous Weapon, After Former Conviction of Two or More Felonies, and two counts of Robbery With a Dangerous Weapon, After Former Conviction of Two or More Felonies, in Case No. CRF–85–2801 in the District Court of Oklahoma County. The trial court accepted the pleas and sentenced appellant to five terms of life imprisonment with each to run consecutively. Appellant moved to withdraw his pleas of guilty. The trial court denied his motion, and the case comes before this Court on Petition for Writ of Certiorari.

For his first and second assignments of error, appellant contends that the trial court erred in denying his motion to withdraw his pleas of guilty because it was evident that the pleas were the direct result of ignorance, misunderstanding, misapprehension, and ineffective assistance of counsel.

■ In order to establish that counsel was so ineffective as to warrant reversal, appellant must show that counsel's performance was deficient, and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Keller v. State*, 738 P.2d 186 (Okla.Crim. App.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 323, 98 L.Ed.2d 351 (1987). Furthermore, appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound strategy because this Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland, supra,* 466 U.S. at 689, 104 S.Ct. at 2065. *See also Guance v. State,* 751 P.2d 1074, 1076 (Okla.Crim.App.1988).

In *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the U.S. Supreme Court held that the two-part *Strickland v. Washington* test applies to challenges of guilty pleas based on ineffective assistance of counsel. The Court reasoned that the deficient performance standard was appropriate and that requiring a showing of prejudice would serve the fundamental interest in the finality of guilty pleas. *See United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). The Court further stated that to prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S.Ct. at 370.

As evidence of counsel's deficient performance, appellant argues that his attorney told him that he would *possibly* receive a sentence as short as 20 years imprisonment and not more than 35 or 40 years imprisonment. He claims that he would have been satisfied with a sentence of 35 years but would not have pled guilty had he known he would receive a life sentence. The record indicates that the trial court followed the guidelines of *King v. State,* 553 P.2d 529 (Okla.Crim.App.1976) in accepting the plea and thoroughly questioned appellant on his understanding of the minimum and maximum penalties. Appellant concedes that he was aware that life imprisonment was a possibility. At the motion to withdraw hearing, appellant, as well as two other witnesses, testified that the attorney never stated that he had reached a plea agreement with the prosecution or the trial court. However, all three witnesses said that because the attorney was so "confident" about the sentence appellant would receive, they thought that he had reached an agreement with someone. We do not believe that these facts establish that counsel's performance was deficient, because as the court in *Iaea v. Sunn,* 800 F.2d 861 (9th Cir.1986) held, a mere inaccurate prediction by counsel, standing alone, would not constitute ineffective assistance.

Appellant further complains that counsel's inaccurate statements concerning sentencing along with other conduct, when reviewed together, show the deficiency of counsel's performance. The other conduct complained of is as follows: (1) counsel's failure to separate the drug possession charge from the more aggravated offenses when pleading; (2) counsel's failure to notice discrepancies in the after former conviction of a felony portion of the Informations; (3) counsel's failure to present mitigating evidence or to rebut the State's aggravation evidence during the pre-sentence hearing; (4) counsel's failure to object to potentially inadmissible testimony; and (5) counsel's failure to subpoena any witnesses for the trial which was scheduled for the day on which appellant pled guilty. After a review of the record, we cannot say that appellant has overcome the presumption that, under the circumstances, these in-

stances might be considered sound strategy. Appellant failed to prove to the trial court's satisfaction that he was denied effective assistance of counsel as he deliberated on what plea to enter. Therefore, we will not disturb the trial court's finding on appeal.

■ When a defendant claims that his guilty plea was entered through inadvertence, ignorance, influence, or without deliberation, he has the burden to show not only that the plea was entered as a result of one of these reasons, but also, that there is a defense that should be presented to the jury. *See Lee v. State,* 520 P.2d 697 (Okla. Crim.App.1974). Having failed to establish either inadvertence, ignorance, influence, or lack of deliberation, and having failed to allege any defense, we find that appellant voluntarily entered a plea of guilty. The fact that he relied upon an inaccurate prediction as to what sentence would be imposed does not make his plea any less voluntary. Therefore, we find that the trial court did not abuse its discretion in refusing to grant appellant's motion to withdraw the plea of guilty. *Id.* The assignments of error are therefore without merit.

■ In his third assignment of error, appellant initially argues that the trial court erred in accepting his guilty plea to possession of marijuana with intent to distribute. Appellant contends that the trial court did not properly determine that a factual basis for the offense existed, and thus, the requirements of *King v. State,* 553 P.2d 529 (Okla.Crim.App.1976) were not met. In *King,* this Court pronounced guidelines for trial courts to follow in accepting a plea of guilty. One of the determinations that a court must make under these guidelines is that there is a factual basis for the plea of guilty. In following the *King* procedure, the court had the following conversation with appellant:

THE COURT: Let me get the Information on the drug case. I've got it right here.

Allright. CRF–85–2366, how do you— that's the Possession of a Controlled

Dangerous Substance with Intent to Distribute After Former Conviction of numerous felonies. How do you plead, guilty or not guilty?

MR. ESTELL: Guilty.

THE COURT: They say that on the 4th day of May, 1985, that you had possession of a controlled dangerous substance with intent to distribute it, that you wilfully knew this, and had in your possession a quantity of marijuana. Is that true?

MR. ESTELL: Yes, Sir.

We note that the court did not read the charge of the Information verbatim. Appellant argues that the above dialogue shows that the court did not inquire into the intent element enough to establish a factual basis for intent to distribute, and thus, the felony cannot stand. We disagree.

Appellant asserts that the appropriate method for a trial court to use in determining whether a factual basis exists is that recommended by the American Bar Association. Though this Court has suggested some methods, *see Coyle v. State,* 706 P.2d 547, 548 (Okla.Crim.App.1985) and *Zakszewski v. State,* 739 P.2d 544, 545 (Okla. Crim.App.1987), we stated that we "will not dictate to the district judges of this State how to conduct hearings or pleas of guilty to satisfy the mandate of *King,*" because the "guidelines of *King* were carefully prepared to aid the trial courts without interfering in their judicial function." *Coyle, supra.*

The American Bar Association recommends that a court "should make such inquiry as may be necessary to satisfy itself that there is a factual basis for the plea." *See* ABA Standards for Criminal Justice, Standard 14–1.6 (2d.Ed.1980). It also states that a court "may require the defendant to make a detailed statement in the defendant's own words concerning the commission of the offense." *Id.* This method is not a requirement, but rather one which courts may use in accepting pleas. The fact that the trial court in the case at bar

did not require appellant to make such a statement does not, in and of itself, evince error by the court. The trial court inquired into the factual basis of the offense by asking appellant if the allegations of the Information were true. This inquiry included questioning, though not by separate questions, as to the allegation of intent to distribute. Appellant stated that the allegations were true, and the trial court was apparently satisfied with his answers. Therefore, we find that sufficient inquiry was made to meet the *King* guidelines, and the trial court did not abuse its discretion in finding a proper factual basis for the charge. Therefore, this assignment is without merit.

Appellant further argues that a factual basis was not established for one of the prior convictions alleged on page two of the Information for Case No. CRF–85–2801. In this case, appellant was charged with Robbery, Burglary, and Assault offenses, after former conviction of a felony. When inquiring as to the factual basis of the prior convictions, the trial court apparently assumed that the five prior felonies listed for Case No. CRF–85–2801 were the same as the five prior convictions listed for Case No. CRF–85–2366, which is the marijuana possession charge. This assumption is apparent because the trial court merely asked appellant if he remembered the five felonies he read to appellant during the plea of the marijuana case. Appellant replied that he remembered them. The court then asked if he had committed those five felonies prior to the offenses he was charged with in Case No. CRF–85–2801. Appellant answered in the affirmative. Since appellant had admitted to the prior convictions during disposition of the possession charge, we believe that it was proper to refer to the prior convictions for the other charges in the manner the court did.

However, appellant points out that one of the felonies on the second case was different from the five felonies listed on the first case. He claims that the factual basis for a burglary conviction was not established. Whether this contention is correct or not has no bearing on the outcome. Appellant pled guilty to all the charges against him. The trial court established factual basis for each of the charges and at least four prior felony convictions by asking if the allegations in the Information were true. Thus, we find no error in the manner the court accepted appellant's pleas, and no merit in this assignment of error.

 For his final assignment of error, appellant asserts that the trial court erred in imposing sentences of life imprisonment on all five offenses and then ordering them to run consecutively. He contends that this imposition of sentences was excessive.

In order to determine whether a sentence is excessive, we must look to all of the facts and circumstances surrounding the case. *Clark v. State*, 678 P.2d 1191, 1192 (Okla.Crim.App.1984). Moreover, this Court does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances, the sentence was so excessive as to shock the conscience of the Court. *Id.* Considering that appellant pled guilty to all of the charges brought against him, appellant admitted to five prior convictions, and the fact that the sentences imposed were within the statutory limit, we cannot say that the sentence assessed shocks the conscience of this Court. The assignment of error is without merit.

For the above and foregoing reasons, the order of the district court denying appellant's motion to withdraw plea of guilty is AFFIRMED.

PARKS, J., concurs.

BRETT, P.J., concurs in results.