FILED
United States Court of Appeals
Tenth Circuit

November 1, 2018

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT
_____

SCOTT Q. LEWALLEN,

    Petitioner - Appellant,

v.

JIMMY MARTIN, Warden,

    Respondent - Appellee.

No. 18-5030
(D.C. No. 4:14-CV-00756-GKF-FHM)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT*
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **MATHESON**, Circuit Judges.
_____

Scott Lewallen, appearing pro se, seeks a certificate of appealability (COA) to

challenge the district court's denial of his 28 U.S.C. § 2254 petition. We grant a COA on

one issue, affirm the denial of relief on that issue, and otherwise deny a COA.

## I.     BACKGROUND

On the second day of jury selection in his criminal trial, Lewallen decided to enter

a blind plea of guilty to one count of first-degree manslaughter and one count of driving

_____

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

with a revoked license.[1]  He based this decision in part on trial counsel's advice that he would probably be sentenced to the statutory minimum of twenty years' imprisonment and that he would be eligible for judicial review of the sentence after completing one year of it.  The trial court held a hearing and accepted the change of plea.  Two days before sentencing, Lewallen filed two motions (counseled and pro se) to withdraw his plea after learning that a prior felony conviction meant he was not eligible for the one-year judicial sentence review, and counsel's advice to the contrary was wrong.  The court appointed a different, conflict-free attorney to represent Lewallen at a hearing on the motions to withdraw.  After the hearing, the court denied the motions.  It later found Lewallen guilty of both counts, and on the first-degree manslaughter charge, the court found him guilty on both theories the State alleged—by driving while his license was revoked, and by driving under the influence of intoxicants, listed in the charging document as Methamphetamine, Marijuana, Tramadol, Diazepam, and Nordiazepam.  *See* R., Vol. I at 477–78; *id.*, Vol. II at 434–35.[2]  The court sentenced him to concurrent terms of life imprisonment on the manslaughter charge, which was the statutory maximum sentence, and one year imprisonment for driving under revocation.

Through counsel, Lewallen pursued a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA).  Certiorari appeal is a form of appeal limited to whether a

---

[1] A "blind plea" is one where "there is no binding agreement on sentencing, and punishment is left to the judge's discretion."  *Medlock v. State*, 887 P.2d 1333, 1337 n.2 (Okla. Crim. App. 1994).

[2] All our citations to the district court record are to the page numbers contained in this court's file stamp on the record transmitted by the district court.

"guilty plea was made knowingly and voluntarily" and whether the trial court "had jurisdiction to accept the plea." *Cox v. State*, 152 P.3d 244, 247 (Okla. Crim. App. 2006), *overruled on other grounds by State v. Vincent*, 371 P.3d 1127 (Okla. Crim. App. 2016). The OCCA denied relief. Lewallen then sought federal habeas relief, again represented by counsel. The district court denied his petition and denied a COA. Lewallen, now pro se, seeks a COA on grounds one, three, and four of his § 2254 petition. He has affirmatively waived review of grounds two, five, and six. *See* Aplt. Combined Opening Br. and Appl. for a Certificate of Appealability (COA Appl.) at 11, 27, 38.

## II. DISCUSSION

### A. Standard of review

To appeal the denial of his § 2254 petition, Lewallen must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). To obtain a COA on claims the district court denied on the merits, Lewallen must make "a substantial showing of the denial of a constitutional right," § 2253(c)(2), such "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). For claims the district court denied on a procedural ground without reaching the merits, Lewallen must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.* "The COA inquiry . . . is not coextensive with a merits analysis," *Buck v. Davis*, 137 S. Ct. 759, 773 (2017), and is limited to "an overview of the claims in the habeas

3

petition and a general assessment of their merits," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Because Lewallen filed his § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), it is governed by AEDPA's provisions. *Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999). Under AEDPA, our consideration of Lewallen's request for a COA must incorporate "AEDPA's deferential treatment of state court decisions." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). We therefore "look to the District Court's application of AEDPA to [Lewallen's] constitutional claims and ask whether that resolution was debatable among jurists of reasons." *Miller-El*, 537 U.S. at 336. To that end, we must keep in mind that when a state court has adjudicated the merits of a claim, a federal court may grant habeas relief only if that state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). However, AEDPA's deferential standards of review do not apply if a "state court employed the wrong legal standard in deciding the merits of [a] federal issue." *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003). In that case, rather than deferring to the state court's resolution of the issue, a federal court reviews the issue de novo to determine whether habeas relief is warranted. *Milton v. Miller*, 744 F.3d 660, 670–71 (10th Cir. 2014).

Lewallen represents himself in this appeal, so we construe his appellate filings liberally but do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

**B.     Ground One:  constitutionality of Lewallen's guilty plea**

Before the OCCA, Lewallen alleged that his decision to enter the guilty plea was not knowing and voluntary because of the misinformation trial counsel gave him about the likely length of his sentence and the opportunity for sentence review after serving one year.  Therefore, he contended, the trial court's denial of his request to withdraw his plea was an abuse of discretion and violated his right to due process under *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969) ("[I]f a defendant's guilty plea is not . . . voluntary and knowing, it has been obtained in violation of due process and is therefore void.").

The OCCA denied relief, reasoning that although Lewallen had made a "colorable claim" that his plea was not knowing and voluntary due to the misinformation about judicial review of his sentence, R., Vol. I at 76, he had not alleged, either in the trial court or on appeal, that he had any defense to present to the jury, as required under *Estell v. State*, 766 P.2d 1380, 1383 (Okla. Crim. App. 1988).  The OCCA also determined that Lewallen's plea was consistent with two tenets pronounced in *Brady v. United States*, 397 U.S. 742, 756–57 (1970):  (1) "[t]he rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision," and (2) "[a] defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely

5

penalties attached to alternative courses of action." Accordingly, the OCCA concluded that the denial of his motion to withdraw his plea was not an abuse of discretion. The OCCA did not discuss Lewallen's theory that trial counsel's 20-year sentence estimate rendered his plea unknowing and involuntary.

In ground one of his § 2254 petition, Lewallen argued that the OCCA's decision was contrary to or an unreasonable application of federal law to the extent the OCCA required him to allege that he had a defense to present to the jury. He maintained that the constitutional inquiry under Supreme Court authority only requires a showing that the plea was not entered knowingly and voluntarily, which the OCCA essentially conceded had occurred in Lewallen's case, and that by requiring more, the OCCA provided less protection or imposed a greater restriction than what the U.S. Constitution requires. He also argued that counsel's misinformation about the sentence that would be imposed on a blind plea meant his plea was not knowing and voluntary.

Applying AEDPA deference, the district court denied relief.[3] The court reasoned that even if the OCCA's requirement that Lewallen had to show he had a defense to present to the jury was not explicitly recognized in *Brady*, it was consistent with *Brady*'s general rule that courts should consider several factors in determining whether a plea is knowing and voluntary, including the "chances for acquittal," *Brady*, 397 U.S. at 749. The court further concluded that the Oklahoma case on which the OCCA relied for the specific requirement of presenting a defense, *Estell*, also stated a more general rule

---

[3] The district court stated that even without applying AEDPA deference, it would deny relief on ground one.

consistent with *Brady*—that courts should consider various factors in determining a plea's validity, *see Estell*, 766 P.2d at 1383 (explaining that a defendant challenging the constitutional validity of a guilty plea must also show that it "was entered through inadvertence, ignorance, influence, or without deliberation"). Hence, the district court concluded that the OCCA's decision was not contrary to clearly established federal law.

The district court next concluded that even though the OCCA's reliance on only one of *Estell*'s factors suggested that the OCCA may have *incorrectly* applied *Brady*, the OCCA had not *unreasonably* applied *Brady* or other clearly established federal law, as required for relief under § 2254(d)(1). The district court noted that "[a]t a minimum," due process requires a defendant to "understand the nature of the charges against him, the possible penalties, and the fact that he is waiving several constitutional rights." R., Vol. I at 584 (citing *Brady*, 397 U.S. at 756–57, and *Boykin*, 395 U.S. at 242–44). And it recognized the general rule that to satisfy due process, a "'defendant need not understand every collateral consequence of the plea, but need only understand its direct consequences.'" *Id.* (quoting *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002)).

The court then observed that Lewallen's inability to seek post-conviction judicial review was not a direct consequence of his plea, citing several cases in support: *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (stating the Supreme Court has "never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary"); *United States v. Carrillo-Estrada*, 564 F. App'x 385, 388 (10th Cir. 2014) (rejecting due

7

process argument that defendant "had a right to know of the possibility of seeking asylum for himself and his family before entering his guilty plea," and explaining that "the possibility of seeking asylum is not a *consequence* of conviction—either direct or indirect"); and *Cunningham v. Diesslin*, 92 F.3d 1054, 1061 (10th Cir. 1996) ("An attorney's erroneous . . . prediction of parole does not render a plea unknowingly made."). Accordingly, the district court concluded that counsel's erroneous advice on Lewallen's eligibility for the one-year sentence review did not render his plea unknowing.

The district court further found ample record support for the OCCA's determination, made as part of the OCCA's discussion of Lewallen's claim of ineffective assistance of counsel, that the possibility of judicial review, although a "big part" of Lewallen's decision and "what made the difference to [him]," R., Vol. II at 166, was not the only reason, or even the most important reason, he pleaded guilty. "[T]he most important thing," he testified, "was showing responsibility." *Id.* at 165. Other reasons included his statements at his plea-withdrawal hearing that (1) he had been advised that his chances for acquittal were not good and (2) he had no interest in a negotiated plea because the State recommended a thirty-five-year sentence.

The district court also rejected Lewallen's argument that his plea was not knowing and voluntary because counsel had misled him about the sentence he might receive.[4] At the plea-withdrawal hearing, one of Lewallen's attorneys testified that he told Lewallen

---

[4] The district court reviewed this part of ground one de novo, *see* R., Vol. I at 585, apparently because the OCCA never addressed this portion of Lewallen's argument.

8

that with a blind plea, the trial judge would have "sole discretion" to determine the sentence, and Lewallen appeared to understand that. *Id.* at 150, 155. Lewallen even testified to that extent at both the plea hearing, *see id.* at 110 (understanding that the trial judge could impose any sentence in the range of twenty years to life), and the plea-withdrawal hearing, *see id.* at 169–70 (stating he had been prepared to take the risk associated with the judge's discretion to sentence him within the minimum and maximum sentencing range). And, the district court concluded, a note counsel had given Lewallen, advising him that with a blind plea, the "judge decides (probably 20)," *id.*, Vol. I at 153, was not to the contrary. On this last point, the court recognized the following case law standing for the proposition that a bad guess by counsel about sentence length does not render a plea unknowing or involuntary: *Brady*, 397 U.S. at 757 (explaining that a defendant cannot withdraw a plea after discovering he misapprehended the likely penalties); *Tovar Mendoza v. Hatch*, 620 F.3d 1261, 1270–71 (10th Cir. 2010) (discussing distinction between "a promise by counsel of a specific sentence," which rendered a plea constitutionally inadequate, and "a bad guess regarding parole eligibility," which did not); and *Cunningham*, 92 F.3d at 1061 ("An attorney's erroneous sentence estimate . . . does not render a plea unknowingly made.").

Finally, the district court found additional support for its denial of relief in the statements of both of Lewallen's plea counsel that he appeared competent during the plea hearing, and in Lewallen's statements at the plea hearing, presumptively reliable under *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), that he was competent, was not taking any

9

medications that affected his thinking, understood the nature and consequences of his plea, and had not been promised anything in exchange for pleading guilty.

In his COA application, Lewallen repeats the same arguments he raised on appeal to the OCCA and in the district court. Those arguments, however, fail to persuade us that any portion of the district court's well-reasoned ruling on ground one is reasonably debatable or deserving of encouragement to proceed further.

We also discern several arguments in Lewallen's request for a COA on ground one that he did not present in his habeas petition: First, new evidence—his own affidavit and an affidavit from one of his trial attorneys, both completed during the pendency of this appeal—showing that before trial, the trial judge told Lewallen's other trial attorney that he disagreed with the State's recommendation of thirty-five years' imprisonment on the manslaughter charge, and that on a blind plea he would consider giving Lewallen only twenty years, *see* COA Appl. at 11–13, 41–44. Second, the Oklahoma statute criminalizing driving under revocation, which served as the predicate for the charge of manslaughter while driving under revocation, was not the applicable statute. *See id.* at 13, 26–27. Third, the OCCA's determination that Lewallen did not have a defense to present to the jury was based on an unreasonable determination of the facts in light of evidence that he had several defenses to present to the jury. *Id.* at 23–25.[5]

---

[5] In the district court, Lewallen declined to concede that he did not have any defenses to raise at trial, then summarily argued that the OCCA's determination that he had no defense to present to the jury was unreasonable because at the time he entered his blind plea, the jury trial had begun, and he was ready to defend against the charges. *See* R., Vol. 1 at 44 n.5. This conclusory argument, set forth in a footnote to his habeas brief, is insufficient to preserve appellate review. *See Abbasid, Inc. v. First Nat'l Bank of Santa*

10

In determining whether to grant a COA, we may "adhere to our general rule against considering issues for the first time on appeal." *United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012). We see no reason to deviate from this general rule, particularly given that each of these arguments faces an additional impediment to obtaining a COA. First, Lewallen's "new evidence" argument is barred because our § 2254(d) review of a claim adjudicated on the merits by a state court is limited to the record that was before the state court. *See Cullen v Pinholster*, 563 U.S. 170, 181 (2011) (holding that § 2254(d)(1) review "is limited to the record that was before the state court that adjudicated the claim on the merits"); *Black v. Workman*, 682 F.3d 880, 895 (10th Cir. 2012) (noting that *Pinholster*'s holding applies "*a fortiori* . . . to review under § 2254(d)(2)"). And Lewallen has not even attempted to explain, nor can we envision, why this evidence could not have been presented at the plea-withdrawal hearing, which might permit an evidentiary hearing in federal court, *see* § 2254(e)(2).[6] Second, Lewallen presents his other two arguments as questions of state law, not constitutional law, and under 28 U.S.C. § 2253(c)(2), we may only issue a COA for constitutional issues.

In sum, we deny a COA on ground one.

---

*Fe*, 666 F.3d 691, 694–95 (10th Cir. 2012) (declining to review issue in part because it was raised only in summary manner in district court).

[6] Lewallen states in his affidavit that he was unable to obtain an affidavit from trial counsel in time for his appeal to the OCCA, *see* COA Appl. at 44, but that does not explain why neither of his trial attorneys divulged the judge's alleged statement during their testimony at the plea-withdrawal hearing.

**C.      Ground Three:  ineffective assistance of counsel**

In his habeas petition, Lewallen's ineffective-assistance claim contained four subgrounds, but he seeks a COA on only two—subground 3(A), counsel provided erroneous sentencing information that caused him to enter the blind plea; and subground 3(B), recusal counsel rendered ineffective assistance when he filed out of time a mandamus action concerning recusal of the trial judge.  We address these subgrounds in order.

**1.  Subground 3(A):  erroneous sentencing information**

In evaluating claims of constitutionally ineffective assistance of counsel arising out of a plea agreement, courts are to apply the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  Under that test, a criminal defendant who pleads guilty "must show that counsel's representation fell below an objective standard of reasonableness," *id.* at 57 (internal quotation marks omitted), and that "there is a *reasonable probability* that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *id.* at 59 (emphasis added).  In subground 3(A), Lewallen argued in his habeas petition, as he does in his COA application, that the OCCA's decision was contrary to *Hill* and *Strickland* because rather than examining whether he had shown a *reasonable probability* that he would not have pleaded guilty if he knew he did not qualify for the one-year sentence review, the OCCA used a *preponderance* standard when it ruled that it was "not possible

to conclude that but for plea counsel's misadvice [regarding judicial review] Lewallen would not have pled guilty and would have insisted on going to trial," R., Vol. I at 81.[7]

The district court denied relief on this subground based on the rejection of a similar argument in *Frost v. Pryor*, 749 F.3d 1212, 1226–27 (10th Cir. 2014). In *Frost*, the state court said it was "not persuaded that the jury *would have reached a different result*" had counsel's performance not been deficient. *Id.* at 1226 (internal quotation marks omitted). We concluded that this statement's omission of some sort of "reasonable probability" language was not contrary to *Strickland*'s prejudice standard because the Supreme Court has observed that the use of the similar phrase "'would not have' does not necessarily 'imply any particular standard of probability.'" *Id.* at 1226–27 (quoting *Holland v. Jackson*, 542 U.S. 649, 654 (2004) (per curiam)). We also noted that elsewhere in its decision, the state court had properly recognized the *Strickland* standard, as had the state court in *Holland*. *Id.*

In Lewallen's case, the OCCA never recited the *Hill*/*Strickland* standard, so this case does not squarely align with *Frost* or *Holland*. But we need not decide whether the OCCA applied the "reasonable probability" standard or the "preponderance of the

---

[7] In his habeas petition, Lewallen also mentioned that trial counsel was ineffective in advising him that he would be sentenced to the minimum 20 years. But he did not provide a reasoned argument on this point, and the district court did not mention it. In his COA application, he similarly presents only a cursory contention that this advice was constitutionally ineffective. *See* COA Appl. at 32. Based on these shortcomings, we decline to consider whether to grant a COA on this point. *See Abbasid, Inc.*, 666 F.3d at 694–95 (declining to review issue in part because it was raised only in summary manner in district court); *LaFevers v. Gibson*, 182 F.3d 705, 725 (10th Cir. 1999) (explaining that "issues adverted to in a perfunctory manner and without developed argumentation are deemed waived on appeal").

evidence" standard because Lewallen fails to meet either one. We therefore assume AEDPA deference does not apply and grant a COA on this subground.

But overcoming AEDPA deference does not require granting habeas relief. Instead, we must review the issue de novo. *Milton*, 744 F.3d at 670–71. And on de novo review, we conclude that Lewallen has not demonstrated prejudice under *Hill* and *Strickland*. Although eligibility for judicial review of his sentence after serving one year was an important reason, Lewallen conceded at the plea hearing that the most important reason for pleading guilty was to show responsibility, and that there were other reasons, too—advice that his chances for acquittal were not good and his lack of interest in a negotiated plea because the State recommended a thirty-five year sentence. Given his strong desire to show responsibility and the lack of viable alternatives, we conclude that there is no reasonable probability Lewallen would not have agreed to a blind plea if he knew he did not qualify for judicial review of his sentence after one year. We therefore affirm the district court's denial of relief on subground 3(A).

### 2. Subground 3(B): recusal counsel

Subground 3(B) concerns recusal counsel's failure to timely file a mandamus petition with the OCCA seeking recusal of the trial judge. Before the OCCA, Lewallen argued that counsel's failure to do so constituted deficient performance and he suffered prejudice because he was forced to proceed at sentencing with a biased judge. The OCCA refused to address the merits of this claim because it had nothing to do with whether his plea was knowing and voluntary or whether the trial court had jurisdiction to accept the plea, the only two issues reviewable in a certiorari appeal under *Cox v. State*,

14

152 P.3d 244, 247 (Okla. Crim. App. 2006). The district court upheld the procedural ground for the OCCA's decision, concluding that the *Cox* rule was adequate to bar federal habeas review because the OCCA applies it evenhandedly in most cases, and that Lewallen had not asserted that he could overcome the procedural bar by demonstrating cause and prejudice; instead, he merely asserted the *Cox* rule is inadequate.

In his application for a COA, Lewallen makes no attempt to show that the *Cox* procedural bar is inadequate; he only points out that the State has the burden to show the bar is adequate. *See* COA Appl. at 33. This conclusory argument fails to demonstrate that the district court's resolution of this subground is reasonably debatable. We therefore deny a COA on this subground.

### D. Ground Four: double jeopardy

On appeal to the OCCA, Lewallen argued that his conviction for driving while under revocation amounted to double jeopardy because the State used that conviction to support one of the theories of the first-degree manslaughter charge. The OCCA declined to review this claim because Lewallen had not asserted it in his motions to withdraw his plea, as required by Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals*, tit. 22, Ch. 18, App. (2018) ("No matter may be raised in the petition for a writ of certiorari unless the same has been raised in the application to withdraw the plea . . . ."), and he therefore failed to preserve it for review on certiorari appeal, *see Walker v. State*, 953 P.2d 354, 355 (Okla. Crim. App. 1998) (observing that under Rule 4.2(B), an appellant waives an issue by failing to raise it in his plea-withdrawal motion).

The district court upheld the procedural bar, rejecting Lewallen's argument that the procedural bar was inadequate. *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) ("[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule."); *Walker v. Martin*, 562 U.S. 307, 316 (2011) ("To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." (internal quotation marks omitted)). The court concluded that despite occasionally overlooking the bar, the OCCA applied it evenhandedly to similar claims in most cases, and that overlooking a "'procedural bar as an "occasional act of grace" is insufficient to conclude that the procedural bar is inadequate.'" R., Vol. I at 599 (quoting *Cannon v. Gibson*, 259 F.3d 1253, 1268 (10th Cir. 2001)). The district court also observed that Lewallen had not asserted he could overcome the procedural bar by demonstrating cause and prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (explaining that prisoner can overcome procedural bar by showing either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that 'failure to consider the claim[] will result in a fundamental miscarriage of justice'"). Instead, Lewallen merely asserted that Rule 4.2(B) is inadequate.

In his COA application, Lewallen wholly fails to address the procedural bar other than to state the conclusion that it is inadequate. And he has not asserted he can overcome the bar through a showing of cause and prejudice. He instead reiterates his state-law argument that the Oklahoma statute criminalizing driving under revocation, which served as the predicate for the charge of manslaughter while driving under

16

revocation, was not applicable at the time of his plea. Accordingly, we deny a COA on ground four.

## III. CONCLUSION

We grant a COA on subground 3(A) and affirm the district court's judgment denying relief on that subground. We otherwise deny Lewallen's application for a COA.

Entered for the Court

Timothy M. Tymkovich
Chief Judge