**Arthur W. ESTRADA, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. C–86–400.**

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1987.

Lisbeth L. McCarty, Asst. Appellate Public Defender, for petitioner.

*OPINION*

BUSSEY, Judge:

Pursuant to a plea agreement, petitioner, Arthur W. Estrada, entered pleas of guilty

to charges of Distributing Marijuana After Former Conviction of a Felony in the District Court of Canadian County, Case Nos. CRF–85–256 and CRF–85–257. His motion to withdraw plea of guilty was denied, and the case comes before this Court on Petition for Writ of Certiorari.

In light of our disposition of this case, a statement of the facts is unnecessary, and we will address petitioner's second assignment of error only.

In both of the cases filed below, the District Attorney filed second page informations alleging three former convictions in California. Two of the former convictions were drug related, and the third was not. Under his plea agreement, the second and third felonies would be stricken in both cases on motion of the State, and the State would recommend that punishment be set at two terms of 12 years imprisonment, to be served concurrently.

One of the requirements of *King v. State*, 553 P.2d 529 (Okl.Cr.1976) is that, in accepting a guilty plea, the trial court has the responsibility of advising the defendant of the nature and consequences of the guilty plea. In advising the petitioner of the consequences of pleading guilty under the plea agreement, the court told petitioner that he was facing a minimum of ten years imprisonment. This statement was apparently premised on the general enhancement provision contained in 21 O.S. 1981, § 51. Use of that statute, however, was improper, as 21 O.S.1981, § 11 provides that,

> If there be in any other chapter of the laws of this State a provision making any specific act or omission criminal and providing the punishment therefor, and there be in this penal code any provision or section making the same act or ommission a criminal offense or prescribing the punishment thereof, *that offense and the punishment thereof, shall be governed by the special provisions* made in relation thereto, and not by the provisions of this penal code....

Provision for punishment and enhancement of punishment for the crimes involved in this case is made in 63 O.S.Supp.1984, § 2–401. Under that statute, petitioner's potential punishment was from four to twenty years imprisonment.

We recognize that the prosecutor could have stricken the drug related offense and left the non-drug related offense in place for enhancement purposes. In that situation, the general enhancement statute properly could have been applied. However, in this case, where the only prior conviction used was drug related, 21 O.S.1981, § 11 requires that the provision in Title 63 be applied.

Appellant suffered prejudice as a result of this misapplication and misinformation of the law because, contrary to the remarks made in court, a repeat drug offender is not entitled to consideration for suspended sentences, deferred sentences, or probation.

Having found error requiring reversal of the District Court's order denying petitioner's motion to withdraw his plea of guilt, the relief prayed for in the Petition for Writ of Certiorari is GRANTED. The case is REMANDED to the District Court with instructions to permit petitioner to withdraw his plea of guilty, and to proceed in a manner not inconsistent with this opinion.

BRETT, P.J., and PARKS, J., concur.