**Billy Ray WALTERS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. C–87–323.**

Court of Criminal Appeals of Oklahoma.

Aug. 2, 1989.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

## OPINION

LANE, Vice Presiding Judge:

Appellant Billy Ray Walters was charged with Robbery by Force and Fear, After Former Conviction of a Felony (21 O.S. 1981, §§ 791, 51) in Muskogee County District Court, Case No. CRF-85-540. At the plea hearing held March 7, 1986, the trial court incorrectly advised Appellant, who was represented by counsel, that he was charged with Robbery by Force and Fear and that the range of punishment was not less than five (5) years with no maximum. Appellant then entered his guilty plea. At the sentencing hearing on April 23, 1986, the trial judge apparently realized he had both misstated the range of punishment and ignored the fact that Appellant was charged with the offense "After Conviction of Two or More Felonies." At this time, he advised Appellant the possible sentence

was not less than twenty (20) years with no maximum, due to Appellant's previous felony convictions. (Sentencing Tr.6). The trial judge then sentenced Appellant to ninety (90) years. The trial judge did not question Appellant as to whether he wished to allow his plea to stand and subsequently denied Appellant's Application to Withdraw Guilty Plea. Appellant has now petitioned this Court for a Writ of Certiorari.

We find the trial court improperly denied Appellant's Application to Withdraw Guilty Plea. In *King v. State*, 553 P.2d 529 (Okl. Cr.1976), this Court expressly stated that prior to accepting a guilty plea the trial court must advise a defendant of the range of punishment for the offense of which the defendant is charged. *Id.* at 535. When the trial court advised Appellant of the true range of punishment he should have inquired of the Appellant whether he wished to allow his plea of guilty to stand. If the Appellant wished to allow the plea to stand, the court would then be free to state the sentence. On the other hand, if the Appellant stated he wished to withdraw his plea, the court should have allowed the withdrawal and proceeded in a normal manner. Since this was not done, we REVERSE and REMAND this matter to the trial court for further proceedings consistent with this opinion.

BRETT, P.J., and PARKS, V.P.J., concur.

LUMPKIN, J., dissents.

LUMPKIN, Judge, dissenting.

I must respectfully dissent to the Court's decision that the conviction must be reversed and remanded with directions to allow the Appellant to withdraw his plea of guilty.

The record reveals that Appellant entered a blind plea of guilty to the charge of Robbery by Force and Fear on March 7, 1986. He did so knowing the jury was present and ready to try his case that day. In addition, he understood the sentencing was entirely at the judge's discretion, i.e. there was not a binding plea agreement,

and there was not a maximum on the potential sentence he could receive. He acknowledged to the judge that he had prior felony convictions and those convictions would be revealed in the pre-sentence report the judge would order prior to sentencing. Prior to accepting the plea, the trial judge thoroughly inquired of the Appellant utilizing the guidelines of *King v. State*, 553 P.2d 529 (Okl.Cr.1976). The trial judge did incorrectly advise the Appellant that punishment was not less than five years in the state penitentiary, but emphasized that there was not a ceiling on the possible punishment. The record is clear that the Appellant entered a free, voluntary and knowing plea of guilty to the charge of Robbery by Force and Fear understanding it was solely the judge's decision as to the punishment, which was limited only to the minimum possible sentence of five years. Thus, the issue becomes whether the fact that the prior felonies raised the minimum possible sentence to twenty (20) years *ipso facto* extinguishes that free and voluntary plea. That is, did the fact the Appellant got more than he had *hoped* for detract from the fact he knew what type of a chance he was taking when he entered the plea? I do not think so.

During the hearing on Appellant's motion to withdraw his guilty plea, Appellant testified, in response to direct questioning by his attorney, as follows:

Q. Billy, do you feel that the sentence was appropriate for the crime?

A. No, I don't.

Q. What do you think would have been an appropriate sentence?

A. Appropriate for the crime?

Q. Uh-huh, yes.

A. I think thirty-five or forty years. [Tr. 3]

Upon further questioning by his attorney, Appellant acknowledged that he remembered his attorney telling him the judge "could sentence him to whatever the judge wanted." [Tr. 6] On cross-examination he admitted to prior convictions for Burglary, First Degree in 1975, Burglary of Automobile in 1972, Assault with Intent to Commit Rape in 1969, and Burglary of Automobile in 1972. [Tr. 6–8]

Merely because the Appellant did not receive the sentence he thought he should have received is not a basis for the withdrawal of the plea. The Appellant clearly acknowledged complete understanding of the effects of a blind plea and the latitude granted to the judge in sentencing. I find that the record supports a finding that the criteria established by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and adopted by this Court for a free and voluntary plea have been met. The sentence given by the judge was within the range of punishment explained to Appellant at the time he entered the plea. Appellant took a chance by entering a blind plea. He understood what he was doing and the chance he was taking. Based on the Appellant's previous criminal record and the evidence presented to the trial judge, the sentence is not excessive. I would affirm the conviction and sentence.

G.J.I., Appellant,