**Richard Dale ROBINSON, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. C–88–907.**

Court of Criminal Appeals of Oklahoma.

Feb. 22, 1991.

## ORDER DENYING PETITION FOR WRIT OF CERTIORARI

RICHARD DALE ROBINSON, petitioner, pled guilty on March 28, 1988, to Burglary in the Second Degree, After Former Conviction of Two or More Felonies before Judge J.R. Pearman in the District Court of Osage County in Case No. CRF–87–179. Petitioner was sentenced to twenty (20) years imprisonment. On April 4, 1988, a hearing was held on his motion to withdraw his guilty plea and the same was denied. Petitioner appeals.

■■■■■ For his first assignment of error, Petitioner contends that the trial court failed to establish a factual basis for the prior convictions alleged on Page Two of the Information. In support of his proposition, Appellant cites *Estell v. State*, 766 P.2d 1380 (Okl.Cr.1988) as holding that a factual basis for the prior convictions must be established. Apparently, Appellant believes that the State must establish a "factual basis" for a prior conviction in the same manner that a "factual basis" must be established for the crime to which the defendant is pleading guilty. We recognize that the use of the term, "factual basis" may be misleading as it relates to prior convictions. What is intended is "proof" of the fact of the prior conviction.

Our review of the record revealed that the State presented proof of the fact of the prior convictions during the Preliminary Hearing. At that time, defendant took exception to the court's ruling allowing evidence of the prior convictions. The defendant objected to the evidence of the prior convictions on the ground that they were more than ten (10) years old. The record revealed that Defendant was convicted on June 4, 1973, and received a four year

sentence, which would have been completed on June 3, 1977. In 1975, he was convicted twice and on October 9, 1986, he was convicted on a plea of guilty to burglary in the second degree.[1] He contended that, relative to the instant November 5, 1987, charge, his prior convictions are stale under 21 O.S.Supp.1975, § 51A, which reads as follows:

> No person shall be sentenced as a second and subsequent offender under Section 51 of Title 21, or any other section of the Oklahoma Statutes, when a period of ten (10) years has elapsed since the completion of the sentence imposed on the former conviction; **provided, said person has not, in the meantime, been convicted of a misdemeanor involving moral turpitude or felony.** [Emphasis added]

The effect and operation of this Statute were construed by this Court in *Venable v. State*, 567 P.2d 1006 (Okl.Cr.1977), where we held:

> ... the conviction of a felony in 1965, whose expiration date was 1967, occurred within the ten years of the instant conviction and operated to revitalize the two prior convictions sustained in 1949 and 1959, within the meaning of that portion of 21 O.S.Supp.1975, § 51A, stating: provided, said person has not, in the meantime, been convicted of a misdemeanor involving moral turpitude or felony.'

Accordingly, evidence of all the former convictions in this case is admissible for the purpose of enhancement.

We are aware that proof of the prior convictions was not presented at the hearing on the plea of guilty. However, this Court, in *Ocampo v. State*, 778 P.2d 920 (Okl.Cr.1989), held that we must look to the entire record to determine if judgment and sentence rendered on the plea of guilty should be disturbed. The entire record, when considering a plea of guilty, includes all pleadings and proceedings in the case.

Also, both the prosecutor and the defense attorney have a duty to act responsibly and ethically in the process of plea

---

**1.** On October 9, 1986, Appellant received a seven-year sentence, four years of which were suspended. This case, CRF–86–133, was also before the Court on a Motion To Revoke.

negotiations. If either has any reservations as to whether the defendant is entering a plea in compliance with *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), or as to whether there may exist any potential problems in connection with the plea procedure, then they have a duty to determine same and to so advise the court. Having not advised the court as such, it will be presumed, not only that there is a constitutionally valid guilty plea but also that the defendant, having been represented by counsel, is fully informed in all particulars.

In the present case, the trial court inquired into Petitioner's alleged prior convictions at the beginning of the proceedings, as follows:

> THE COURT: It says here that you are asking the Court to allow you to plead guilty to this burglary charge, and also all the after former convictions that are attached thereto; is that right?
>
> THE DEFENDANT: Yes.

Further, the court reviewed Appellant's Petition To Enter A Plea of Guilty, which was filled out and signed by Appellant, after discussion with his attorney. Therein, Appellant, in his own handwriting, pled guilty to "Burglary 2nd Degree AFC of 2 or More Felonies." He acknowledged in writing and before the court the range of punishment as "20—Life." Similarly, he acknowledged the plea agreement to be, "Plead to 20 years as charged, to run concurrent with stipulation to Application to Revoke in CRF–86–133." No challenge was made as to the prior convictions at the hearing on the entry of the plea. The court was in substantial compliance with the guidelines established in *King v. State,* 553 P.2d 529, 534 (Okl.Cr.1976). Accordingly, it was discretionary with the court whether to allow Appellant to withdraw his guilty plea. *Darnell v. State,* 623 P.2d 617 (Okl.Cr. 1981). We find no abuse of discretion.

Appellant next asserts that his plea was involuntary because he was unaware of the full consequences of his plea. Specifically, he contends that at the time he entered his plea, he was not aware that he would be ineligible for parole. He alleges that, because he pled guilty to having former convictions, he could not be eligible for parole. On the other hand, if a jury found him guilty and sentenced him to life, even with all the after formers, he would be eligible for parole in eight years. He testified that, subsequent to his plea, he found out that the Department of Corrections allocates points based on the number of former convictions to which the inmate pleads guilty. The number of points determine whether or not an inmate is eligible for work. Based on his high number of points, he would not receive consideration for work, credit for which will shorten his time in prison. Appellant stated that he heard about the new point system in place at the Department of Corrections through the grapevine from a former inmate.

In support of his position that Appellant's lack of knowledge that his plea of guilty to former convictions would result in him not being eligible for parole or work consideration, he cites *Jenkins v. United States,* 420 F.2d 433 (10th Cir.1970). The *Jenkins* opinion stated:

> The averments are that Jenkins was not advised by the court or counsel, and did not know, that a conviction for the narcotics sale violations charged would make him ineligible for probation or parole. Such circumstances we deem a practical consequence of the plea which could not be dismissed as irrelevant as a matter of law.... The practical effect of the loss of probation and parole is " * * * so powerful that it translates the term imposed by the sentencing judge into a mandate of actual imprisonment for a period of three times as long as that ordinarily expected." ... We conclude that such an effect is, within the meaning of the rule, a consequence of the plea to be carefully considered.

*Id.* at 437 (citations and footnotes omitted).

We find no Oklahoma statute or decision of this Court which furnishes a guide to the proposition presented as it relates to whether or not parole or probation eligibility is a "consequence" to be considered in determining that a plea is made voluntarily "with understanding of the nature of the

charge and the consequences of the plea." However, we have required that the trial judge ascertain and question the defendant on his understanding of any mandatory minimum and maximum penalties, i.e., range of punishment. *See King v. State,* 553 P.2d 529 (Okl.Cr.1976), *Estell v. State,* 766 P.2d 1380 (Okl.Cr.1988) and *Walters v. State,* 778 P.2d 483 (Okl.Cr.1989). We believe that inherent in this requirement is our recognition of the importance of the length of incarceration as a consequence to be considered in determining the voluntariness of a guilty plea. Accordingly, we hold the *Jenkins* analysis to be applicable to the question of parole or probation eligibility as a consequence of a guilty plea, where said parole or probation is a definite practical consequence of the plea.

In applying *Jenkins* to the facts in this case, we hold that it is not on point since Appellant's ineligibility for parole is not a definite practical consequence of the plea. Indeed, Appellant has made no showing, either here or in the trial court, that a conviction for Burglary in the Second Degree, After Former Conviction of Two or More Felonies carries with it an ineligibility for parole. In *Jenkins,* there was a statutory provision that one convicted for sale of narcotics is ineligible for probation or parole. Under such circumstance, it is necessary that such information be given to the defendant. No such statutory mandate exists in this case. Therefore, this argument is without merit.

We next address Appellant's proposition as it relates to ineligibility for work credits. Eligibility for work credits is an administrative function of the Department of Corrections which the Legislature has invested with broad powers and discretion in establishing guidelines for its orderly administration. A prisoner has no constitutional right to a job and job assignments are matters peculiarly within the discretion of prison officials. A sentencing judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term. We, therefore, hold that eligibility for work credits is not a consequence to be considered in determining that a guilty plea is made voluntarily with the understanding of the consequences of the plea.

Finding no basis in law or fact for granting the writ prayed for, the petition for writ of certiorari should be, and is hereby, DENIED.

IT IS SO ORDERED.

/s/ Ed Parks
ED PARKS, PRESIDING JUDGE
/s/ James F. Lane
JAMES F. LANE, VICE PRESIDING JUDGE
/s/ Tom Brett
TOM BRETT, JUDGE
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, JUDGE
/s/ Charles A. Johnson
CHARLES A. JOHNSON, JUDGE