2006 OK CR 36

**Timothy Lee FERGUSON, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. C–2005–995.**

Court of Criminal Appeals of Oklahoma.

Aug. 30, 2006.

Don J. Gutteridge, Attorney at Law, Oklahoma City, OK, Attorney for Defendant at trial.

William C. Riley, Assistant District Attorney, Lawton, OK, Attorney for The State at trial.

Judith L. Johnson, Indigent Defense System, Norman, OK, Attorney for Petitioner on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Theodore M. Peeper, Assistant Attorney General, Oklahoma City, OK, Attorneys for Respondent on appeal.

**SUMMARY OPINION GRANTING PETITION FOR WRIT OF CERTIORARI**

C. JOHNSON, Judge.

¶ 1 On January 14, 2004, Petitioner, Timothy Lee Ferguson, entered a negotiated plea of nolo contendere to the crime of First–Degree Rape in Comanche County District Court Case No. CF–2003–414. Pursuant to the agreement, the district court sentenced Petitioner to twenty years imprisonment and fined him $1000. In March 2004, Petitioner, acting pro se, sought an appeal out of time. The district court recommended that a late appeal be granted, and by order issued July 23, 2004, this Court granted Petitioner an out-of-time certiorari appeal. On August 3, 2004, Petitioner filed a pro se application to withdraw his plea and a request for appointment of counsel. The district court granted the request for appointed counsel and, at a hearing held September 29, 2005, denied the application to withdraw plea. Petitioner timely appealed, filing his opening brief on February 3, 2006. This Court directed a response from the State, which was filed April 6, 2006. A supplemental response was filed, at this Court's request, July 17, 2006. Petitioner filed a reply brief on July 31, 2006.

Petitioner raises the following propositions of error:

1. Petitioner did not voluntarily and knowingly enter his plea.
2. Petitioner was denied the effective assistance of counsel.
3. Petitioner's sentence is excessive.

¶ 2 In Proposition 1, Petitioner claims that his negotiated nolo contendere plea was involuntary because he was not aware, when he entered the plea, that he would be required by law to serve at least 85% of the agreed-upon sentence without any possibility

of parole. Oklahoma law provides that defendants convicted of certain enumerated crimes are ineligible for parole consideration until they have served at least 85% of the sentence imposed. 21 O.S.Supp.2002, § 13.1. We recently held that juries should, on request, be instructed on this information; far from encouraging speculation about parole matters, the information assists the jury in making a more informed decision about sentencing. *Anderson v. State*, 2006 OK CR 6, ¶ 23, 130 P.3d 273, 282.

■ ¶ 3 Before entering a guilty or nolo contendere plea, a defendant should be advised of the punishment range for the offense. *King v. State*, 1976 OK CR 103, ¶ 11, 553 P.2d 529, 534. He should also be advised of all material consequences flowing directly from the decision to plead. We have recognized that restrictions on parole eligibility may, in certain circumstances, fall into this category. *Robinson v. State*, 1991 OK CR 23, ¶¶ 7–10, 806 P.2d 1128, 1130–31; *Estrada v. State*, 1987 OK CR 209, ¶¶ 3–6, 743 P.2d 1100, 1101.

¶ 4 In the instant case, Petitioner testified that he was misadvised by counsel about his parole eligibility, and that he did not learn about the 85% Rule until after he pled guilty and was sent to prison. The State presented no evidence to the contrary. Petitioner agreed to accept a particular term of imprisonment in exchange for his plea. Operation of 21 O.S. § 13.1 effectively imposed a mandatory minimum sentence of seventeen years without eligibility of parole. Under the circumstances presented here, we find that Petitioner's plea was not voluntarily and intelligently made. Consequently, Petitioner should be allowed to withdraw his plea. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Our disposition of Proposition 1 renders the remaining propositions moot.

## DECISION

¶ 5 The Petition for Writ of Certiorari is **GRANTED**, the Judgment and Sentence of the district court is hereby **VACATED**, and the case is **REMANDED** for further proceedings consistent with this opinion. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2005), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

CHAPEL, P.J. and A. JOHNSON, J.: concurs.

LUMPKIN, V.P.J.: dissents.

LEWIS, J.: recused.

LUMPKIN, Vice–Presiding Judge: dissent.

¶ 1 I dissent to the granting of certiorari in this case. A valid plea does not require notice of parole eligibility. Further, while the 85% Rule settles some of the speculative nature concerning the right to parole, starting down the path of advising defendants about parole is a slippery slope that does not have a stopping place. Parole is a subjective decision made by the constitutionally established Pardon and Parole Board and is based on subjective criteria. Trial judges cannot and should not be expected to be able to advise defendants of all of the different aspects of parole. The present case was a no contest plea based on solid evidence in the form of a valid confession. Petitioner should not now be able to "play the system" or be allowed to be the vehicle for requiring judges to advise of matters even inferentially touching on parole.