2007 OK CR 18

**Acea Lavon PICKENS, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. C–2006–828.

Court of Criminal Appeals of Oklahoma.

May 4, 2007.

Joyce Ellis, Ardmore, OK, Attorney for Defendant at trial.

Johnny Loard, Assistant District Attorney, Ardmore, OK, Attorney for State at trial.

Bill J. Baze, Appellate Defense Counsel, Norman, OK, Attorney for Petitioner on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Theodore M. Peeper, Assistant Attorney General, Oklahoma City, OK, Attorneys for Respondent on appeal.

## OPINION GRANTING CERTIORARI

CHAPEL, Judge.

¶ 1 Acea Lavon Pickens entered a guilty plea to Counts I, II, and III: Rape in the First Degree by Instrumentation in violation of 21 O.S.2001, § 1114(A)(5); and Count IV: Lewd Molestation in violation of 21 O.S. Supp.2005, § 1123 in the District Court of Carter County, Case No. CF–2006–109. On June 28, 2006, the Honorable Thomas S. Walker sentenced Pickens to serve the following sentences consecutively: Counts I, II, and III: five (5) years imprisonment for each count; and Count IV: one (1) year imprisonment. On July 7, 2006, Pickens timely filed an Application to Withdraw Plea. After a hearing on July 21, 2006, the District Court denied Pickens's Application. On August 2, 2006, Pickens timely appealed, and filed his Petition for Certiorari on August 15, 2006. The Court requested a response from the State on Proposition I, which was filed on January 11, 2007.

¶ 2 In Proposition I, Pickens claims his plea was not knowing and voluntary. Pickens would have to serve 85% of each sentence before being eligible to be considered for parole (the 85% Rule)[1] Pickens argues the trial court erred in not notifying him of this provision before he entered his pleas, and claims that in consequence his pleas were not knowingly and voluntarily entered.

This Court has held that a defendant has a right to know whether his sentences are subject to the 85% Rule when entering a negotiated plea.[2] We conclude that a defendant has a right to be informed of the 85% Rule when entering a plea, and make no distinction between a negotiated sentence and a blind plea to the trial court. The trial court's failure to advise Pickens of the 85% Rule rendered his plea involuntary. Pickens must be allowed to withdraw his pleas.

¶ 3 Pickens also claims that he was not informed of the requirement that he register as a sex offender, and that counsel was ineffective at the hearing on his motion to withdraw his pleas. Given our resolution of the 85% Rule issue, we do not reach these claims. The ineffective assistance claim is moot because we grant relief on other grounds. The claim regarding the sex offender requirement turns on whether Pickens's plea was voluntary and knowing. If Pickens is allowed to withdraw his plea and proceed to trial, this issue is moot.

### Decision

¶ 4 The Application for Writ of Certiorari is **GRANTED**. The Judgment and Sentence of the district court is hereby **VACATED**, and the case is **REMANDED** for further proceedings consistent with this opinion. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2007), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LUMPKIN, P.J.: dissents.

C. JOHNSON, V.P.J., A. JOHNSON and LEWIS, JJ.: concur.

LUMPKIN, Presiding Judge: Dissent.

¶ 1 I dissent to the Court's decision to grant certiorari in this case and thereby allow him to withdraw his pleas. There's really no "evidence" that Pickens was not advised of the 85% rule; there is merely the absence of any evidence that he was so advised in the record. Petitioner entered "blind" pleas to the charges, and he was informed of the proper range of punishment

---

**1.** 21 O.S.2001, §§ 12.1, 13.1.

**2.** *Ferguson v. State,* 2006 OK CR 36, 143 P.3d 218, 219.

for his crimes. The Court needs to remember a "blind plea" is just that, a plea of guilty without any guarantee as to what the sentence will be.

¶2 All we really have is Petitioner's bare claim that he did not "understand" his crimes were subject to the 85% rule, despite the fact that he was represented by a very competent, experienced attorney. He pled blind to the charges and admitted guilt. The trial judge was thorough in his advice of rights and effect of a blind plea. The application to withdraw plea of guilty does not raise the 85% rule issue and, in accordance with this Court's precedent, that issue is waived.

¶3 Under these circumstances, I see no reason to grant Petitioner any relief. At most, we should remand the case for an evidentiary hearing on this issue, where we hear from the attorney in question and actually obtain some evidence to back up or refute these claims.

¶4 At times, the mere mention of *Anderson's* 85% rule has caused the Court to order relief when no relief is warranted. Our jurisprudence requires more than that. In addition, this is just another case which proves the concerns I expressed in my separate writing to *Ferguson v. State*, 2006 OK CR 36, 143 P.3d 218, were valid.