2008 OK CR 21

STATE of Oklahoma, ex rel. David W. PRATER, District Attorney, Petitioner

v.

The DISTRICT COURT OF OKLAHOMA COUNTY, The Honorable Jerry D. Bass, District Judge, Respondent.

No. PR–2008–157.

Court of Criminal Appeals of Oklahoma.

June 27, 2008.

*ORDER DENYING REQUEST FOR EXTRAORDINARY RELIEF*

¶1 On February 22, 2008, the State of Oklahoma, by and through David W. Prater, District Attorney for Oklahoma County, and Matt Dillon, Assistant District Attorney for Oklahoma County, filed an Application for Writ of Prohibition in the District Court of Oklahoma County, Case No. CF–2006–4202, styled *State of Oklahoma v. Jamaris Lamonta Miles.* The State seeks an order from this Court prohibiting the Respondent, the Honorable Jerry D. Bass, District Judge, from sentencing Defendant Miles to the Delayed Sentencing Program For Young Adults (D.S.P.Y.A.).

¶2 On December 10, 2007, Defendant Miles, represented by counsel, entered blind pleas to the following charges, all filed in Case No. CF–2006–4202: Count 1, Possession of a Controlled Dangerous Substance (C.D.S.) with Intent to Distribute; Count 3, Possession of C.D.S. without a Tax Stamp; and Count 4, Possession of Marijuana. Miles asked to be placed in the D.S.P.Y.A. Judge Bass determined Miles was too old for the program and denied the request, at which time Miles announced his intent to appeal, and a stay was granted. On February 8, 2008, the parties returned to court for a status conference, where Miles announced he was not going to appeal the order denying his request for D.S.P.Y.A. sentencing because the issue was not ripe until the court actually sentenced him. Judge Bass reversed his prior ruling and sentenced Miles to the D.S.P.Y.A. program. A stay was issued after the State objected and announced its intent to appeal the ruling.

¶3 Miles was twenty years old[1] when he committed the charged offenses on June 15, 2006. The information was filed July 3, 2006, charging Miles and several co-defendants with various drug-related offenses. On August 24, 2006, counsel Jerry Jones entered an appearance for Miles, the same date his initial preliminary hearing was set before the Honorable Carol Hubbard, Special Judge.

1. Miles's date of birth is November 30, 1985.

At Miles's request the preliminary hearing was continued to September 28, 2006. Miles's preliminary hearing was continued a total of five times and was eventually held on January 31, 2007.[2] At the January 31, 2007 hearing, Miles waived his preliminary hearing, was bound over for trial, and his pretrial conference was set for March 14, 2007. Miles appeared on March 9, 2007, but no plea was entered at that time. He failed to appear on March 14, 2007, and his bond was forfeited.[3] On October 16, 2007, Miles was arrested on the March 14, 2007 warrant. On October 17, 2007, he appeared before the Honorable Jerry Bass, in custody and without counsel. At that time, Miles's pretrial was reset for October 24, 2007.[4]

¶ 4 On November 9, 2007, twenty-three days before Miles's 22nd birthday, he appeared at a hearing with counsel Bob Carpenter and his trial was scheduled for December 10, 2007. Miles alleges the court minute order, entered on November 9, 2007, set the matter for December 10, 2007, "for trial to match co-defendant."[5] On December 10, 2007, Miles, now 22 years old, appeared before the court with Mr. Carpenter as counsel, entered a blind plea, and requested that he be sentenced to the D.S.P.Y.A., pursuant to 22 O.S.Supp.2005, § 996.3. The State objected, alleging Miles was too old for the program. As noted above, Judge Bass initially ruled that Miles was ineligible for the program because he was too old, but reversed that ruling on February 8, 2008, and sentenced Miles to D.S.P.Y.A. It is from this ruling that the State appeals. On February 27, 2008, this Court issued an order directing Respondent to address Petitioner's request for relief. That response was filed with this Court on March 14, 2008.

¶ 5 For a writ of prohibition, Petitioner must establish (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy. Rule 10.6(A), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2008).

¶ 6 The question presented to this Court is whether the District Court has the authority to place a defendant into the D.S.P.Y.A. program if the defendant's plea is entered after he reaches the age of 21. The State has failed to show that Judge Bass's ruling was unauthorized by law. The State's request for extraordinary relief is **DENIED**.

■ ¶ 7 The Delayed Sentencing Program for Young Adults (D.S.P.Y.A.), also known as the R.I.D. (Regimented Inmate Discipline) Program, was established in 1987. 22 O.S.Supp.1987, § 996 (amended effective July 1, 2003). It provides alternative precursor sentencing options for those individuals between the ages of 18 and 21 who do not qualify for juvenile or youthful offender treatment programs, but who may benefit from specially designed regimented diversionary treatment programs. *See* 22 O.S.Supp.2005, § 996.1. The program is aimed at individuals charged with non-violent offenses, who have not previously been convicted of various enumerated offenses set forth in the statute, and who have no charges pending for a violent offense. *Id.* The Department of Corrections (D.O.C.) is charged with establishing and carrying out the provisions of the D.S.P.Y.A. The program lasts for at least 180 days and no more than one year, and is to provide a "structured environment

2. The appeal record filed with this Court does not contain copies of the numerous orders continuing Miles's preliminary hearing. Miles alleges the continuances were granted, at least in part, to keep the various defendants' cases together. A review of the District Court docket indicates that the hearings set on November 2, 2006, December 7, 2006 and January 18, 2007, were continued by agreement and to "match with co-defendants" hearings.

3. Miles argues that this failure to appear was inadvertent, and points to the fact that he was again granted bond and no bail jumping charges

were filed as a result of the failure to appear. A docket entry from June 20, 2007, indicates that Miles was released on an O.R. bond and that forfeiture proceedings were concluded that date.

4. A minute order was entered on October 24, 2007, but the docket entry makes no reference as to the content of that order, nor does the docket reflect when Miles's next hearing was scheduled.

5. The November 9, 2007 minute order was not included as part of the appeal record in this case.

of intense confinement, supervision, treatment, discipline, and vocational or educational components designed specifically for the offender." 22 O.S.Supp.2003, § 996.2.

¶ 8 D.S.P.Y.A. is one of many programs designed to intervene in the lives of fledgling offenders in an effort to curtail and possibly prevent future criminal behavior. It is another tool used by the District Court to assess a particular defendant's behavior and evaluate the various sentencing options available for the charged offenses, taking the place of a pre-sentence investigation. 22 O.S.Supp.2005, § 996.3(B).

¶ 9 In establishing eligibility criteria, the Legislature defined the term "offender" as follows:

"... any adult eighteen (18) through twenty-one (21) years of age *charged* with a nonviolent felony offense or a juvenile who has been certified to stand trial as an adult for a nonviolent felony offense, and who has not been convicted of assault and battery with a dangerous weapon, aggravated assault and battery on a law officer, poisoning with intent to kill, shooting with intent to kill, assault with intent to kill, using a vehicle to facilitate the intentional discharge of any kind of firearm in violation of Section 652 of Title 21 of the Oklahoma Statutes, assault with intent to commit a felony, murder in the first degree, murder in the second degree, manslaughter in the first degree, manslaughter in the second degree, kidnapping, burglary in the first degree, kidnapping for extortion, maiming, robbery, child beating, wiring any equipment, vehicle, or structure with explosives, forcible sodomy, rape in the first degree or rape by instrumentation, lewd or indecent proposition or lewd or indecent act with a child under sixteen (16) years of age, use of a firearm or offensive weapon to commit or attempt to commit a felony, pointing firearms, rioting, or arson in the first degree, and who has no charges pending for a violent offense." (emphasis added).

22 O.S.Supp.2005, § 996.1. The term "offender" was previously defined in this statute as "... any adult eighteen (18) through twenty-one (21) years of age ... who has committed a felony offense ..." *See* 22 O.S.Supp.2003, § 966.1.

¶ 10 The State cites two unpublished opinions issued by this Court in support of its claim that participation in D.S.P.Y.A. is prohibited once an individual reaches the age of 21 [6]. Both opinions were issued prior to the statutory language change which controls in this case. And, while both cases tangentially mention each defendant's age as a factor, neither case addressed the issue presented here. In *Williams v. State*, F–1997–1740 (March 8, 2000, Not for Publication), the defendant was not eligible for the program by virtue of his charged offense. In *Winters v. State*, RE–2003–1146 (July 15, 2004, Not for Publication), Winters never presented this Court with evidence that he had sought and been denied admission to D.S.P.Y.A. The dicta in *Williams* and *Winters* provide no help in resolving this matter. This Court has no published opinion regarding the timing of eligibility for, or age limitation which might prohibit, participation in the D.S.P.Y.A. program.

¶ 11 We find no evidence in the record presented to this Court indicating that Judge Bass was without authority to sentence Miles to the D.S.P.Y.A. Neither party disputes that Miles was eligible for participation in the program at the time he committed and was charged with these offenses. The only question is whether Miles aged out of the program because he was not convicted of the offenses prior to reaching the age of 21. Despite the State's claim, this Court has never held that the time to consider a defendant's *eligibility* for D.S.P.Y.A. is at the time a defendant is convicted of a charged offense.

¶ 12 Miles is an "offender" as that term is defined in 22 O.S.Supp.2005, § 996.1. By its very nature, the D.S.P.Y.A. establishes a narrow window of opportunity, providing rehabilitative services to individuals who meet the

---

**6.** The State argues that there are no known published cases which would serve as well for the purpose cited in addressing this claim. Rule 3.5(C)(3), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2008). Unpublished opinions are not binding on this Court. *Id.*

program criteria. The time limitation imposed upon D.O.C. for development and implementation of a specific D.S.P.Y.A. program for each defendant is significantly brief, limiting participation in the program to no less than six months and no more than one year. *See* 22 O.S.Supp.2003, § 996.2. The imposition of these time limitations, by design, prevents inclusion in the program of those who truly are outside of the Legislature's intended target group, and are "too old" for the program. Most importantly, D.S.P.Y.A. is a tool to allow the District Court to better evaluate its sentencing options with regard to a particular individual, taking the place of a pre-sentence investigation. 22 O.S.Supp.2005, § 996.3(B). After the defendant's completion of the program, the District Court is provided with a variety of sentencing options, including imposition of a deferred or suspended sentence, community sentencing, dismissal of the charges and proceedings or imposition of any sentence provided by law in the custody of D.O.C. 22 O.S.Supp.2005, § 996.3(A)(1)—(5). Inclusion in the D.S.P.Y.A. program provides an opportunity for intervention and possible redirection for those defendants who have not yet experienced the confines of our adult prison system.

¶ 13 Absent an expressed intent to the contrary, or unless otherwise defined, words used in statutes are to be understood in their ordinary sense. 25 O.S.2001, § 1. Our statutes are to be construed with a view to effect their objectives and promote justice. 25 O.S.2001, § 29. This Court will not presume the Legislature to have done a vain thing. We are mindful that elementary rules of statutory interpretation require us to avoid any statutory construction which would render any part of a statute superfluous or useless. *See Vilandre v. State*, 2005 OK CR 9, ¶ 5, 113 P.3d 893, 896; *Byrd v. Caswell*, 2001 OK CR 29, ¶ 6, 34 P.3d 647, 648–49. The statutory language of section 996.1 clearly states that the date of charging an offense is the controlling date for determining if an individual qualifies for D.S.P.Y.A. sentencing, not the date the individual is convicted nor the date he enters a plea for a particular offense.

¶ 14 The State's request for extraordinary relief is **DENIED**.

¶ 15 **IT IS SO ORDERED.**

¶ 16 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 27th day of June, 2008.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/ Arlene Johnson
ARLENE JOHNSON, Judge

/s/ David B. Lewis
DAVID B. LEWIS, Judge