2009 OK CR 24

**Toribio Plataneres VERDUZCO, Petitioner**

v.

**STATE of Oklahoma, Respondent.**

**No. C–2009–88.**

Court of Criminal Appeals of Oklahoma.

Sept. 14, 2009.

Perry Hudson, Oklahoma City, OK, Attorney for Defendant at trial.

Lawrence J. Goodwin, Oklahoma City, OK, Attorney for Petitioner on appeal.

Ed Blau, Assistant District Attorney, Oklahoma City, OK, Attorney for the State.

### OPINION

LEWIS, Judge.

¶ 1 Petitioner, Toribio Plataneres Verduzco, entered a plea of guilty to Count 1, trafficking in illegal drugs, in violation of 63 O.S.Supp.2005, § 2–415, and Count 2, transporting proceeds derived from a violation of the Uniform Controlled Dangerous Substances Act, in violation of 63 O.S.2001, § 2–503.1, in Oklahoma County District Court, Case No. CF–2008–3520. The Honorable Virgil C. Black, District Judge, found Petitioner guilty and sentenced him to fifteen (15) years imprisonment in Count 1, and ten (10) years imprisonment in Count 2, and ordered the sentence in Count 2 suspended on rules and conditions of probation. Petitioner timely filed a motion to withdraw the plea of guilty. The District Court denied the motion after an evidentiary hearing, and this petition for the writ of certiorari followed.

■ ¶ 2 Petitioner's sole claim on appeal is that his plea is involuntary because the Plea Of Guilty Summary Of Facts form does not reflect that he was advised by counsel or the Court that he was ineligible for earned credits in the event of a conviction for trafficking in illegal drugs. 63 O.S.Supp.2005, § 2–415(D)(4). He effectively contends that we must extend our holdings in *Ferguson v. State*, 2006 OK CR 36, 143 P.3d 218, and *Pickens v. State*, 2007 OK CR 18, 158 P.3d 482, in which the Court held defendants must be advised of the "85% Rule" prior to entry of a guilty or *nolo contendere* plea, regardless of whether the plea is blind or negotiated. Petitioner interprets recent modifications to the Plea Of Guilty Summary Of Facts form, Form 13.10 in the *Rules of the Oklahoma Court of Criminal Appeals*, 22 O.S.Supp.2008, Ch. 18, App., as requiring advice at the time of the plea concerning a defendant's ineligibility for institutional earned credits. To enhance compliance with our rulings in *Ferguson* and *Pickens*, Item No. 14 on Form 13.10 was recently modified, and now reads in pertinent part:

(Check if applicable) Do you understand that upon a conviction on plea of guilty to the offense(s) of ＿＿＿＿＿＿＿ you will be required to serve a minimum sentence of:

＿＿＿ 85% of the sentence of imprisonment imposed before being eligible for parole consideration and are not eligible for earned or other type of credits which will have the effect of reducing the length of sentence to less than 85% of the sentence imposed?

＿＿＿ % of the sentence of imprisonment imposed or received prior to becoming eligible for state correctional earned credits toward completion of your sentence or eligibility for parole?

¶ 3 Under the Trafficking in Illegal Drugs Act, 63 O.S.Supp.2005, § 2–415(D)(4), a term of imprisonment imposed for violation of the statute "shall not be subject to statutory provisions for suspension, deferral or probation, or state correctional institution earned credits ... except for the achievement earned credits authorized by subsection H of Section 138 of Title 57 of the Oklahoma Statutes."[1] Petitioner presented an offer of proof in the evidentiary hearing that plea counsel did not advise him that he was ineligible for earned credits if convicted of drug trafficking, and if he had been advised of this ineligibility he would not have entered his plea to that charge. Testimony from plea counsel corroborated his claim regarding the lack of advice, but counsel believed such advice was not required by Item No. 14 with respect to a conviction for trafficking, which disqualifies Petitioner from institutional earned credits but does not require that Petitioner serve a particular percentage of his sentence in prison.

¶ 4 Petitioner argues that the failure to complete this portion of Form 13.10, and the District Court's failure to ensure he understood this consequence of his conviction, rendered his plea involuntary. Reviewing the language of Form 13.10 and its purpose in light of *Ferguson* and *Pickens,* the advice to defendants set forth in Item No. 14 is limited to those offenses for which the Oklahoma Statutes impose a minimum *percentage* of the sentence which must be served in prison before a defendant is eligible for parole or earned credits. Petitioner's conviction for trafficking in illegal drugs is not currently such an offense. Our prior decisions effectively foreclose the extension of the rule of *Ferguson* and *Pickens* to advice concerning ineligibility for earned credits. In *Ferguson,* the Court said:

> Before entering a guilty or *nolo contendere* plea, a defendant should be advised of the punishment range for the offense. He should also be advised of all material consequences flowing directly from the decision to plead. We have recognized that

restrictions on parole eligibility may, in certain circumstances, fall into this category.

*Id.* at ¶ 3, 143 P.3d at 219 (citations omitted). The *Ferguson* opinion here cited *Robinson v. State,* 1991 OK CR 23, 806 P.2d 1128, where the defendant challenged the voluntariness of his plea because the trial court failed to advise him he was ineligible for parole and, based on his prior convictions, also ineligible for a prison work assignment, "credit for which will shorten his time in prison." *Id.* at ¶ 7, 806 P.2d at 1130.

¶ 5 In *Robinson,* we recognized that our voluntary plea jurisprudence required "that the trial judge ascertain and question the defendant on his understanding of any mandatory minimum and maximum penalties," and that "inherent in this requirement is our recognition of the importance of the length of incarceration as a consequence to be considered in determining the voluntariness of a guilty plea." *Id.* at ¶ 9, 806 P.2d at 1130–31, *citing King v. State,* 1976 OK CR 103, 553 P.2d 529; *Estell v. State,* 1988 OK CR 287, 766 P.2d 1380; and *Walters v. State,* 1989 OK CR 43, 778 P.2d 483. Consequently, we held that a trial court must advise a defendant, prior to his guilty or *nolo contendere* plea, on "the question of parole or probation eligibility as a consequence of a guilty plea, where said parole or probation [ineligibility] is a *definite practical consequence of the plea.*" *Robinson, id.* (emphasis added). However, the Court in *Robinson* rejected the argument that a voluntary plea must include advice about the defendant's ineligibility for work assignments or the resulting inability to earn credits against a sentence. The Court reasoned:

> Eligibility for work credits is an administrative function of the Department of Corrections which the Legislature has invested with broad powers and discretion in establishing guidelines for its orderly administration. A prisoner has no constitutional right to a job and job assignments are matters peculiarly within the discretion

---

1. Ineligibility for suspension, deferral or probation of any sentence for drug trafficking was a feature of the original statute enacted in 1987. 63 O.S.Supp.1987, § 2–415. The Legislature added ineligibility for earned credits as a consequence of a drug trafficking conviction in 1989. 63 O.S.Supp.1989, § 2–415(D)(3).

of prison officials. *A sentencing judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term. We, therefore, hold that eligibility for work credits is not a consequence to be considered in determining that a guilty plea is made voluntarily with the understanding of the consequences of the plea.*

*Robinson*, at ¶ 11, 806 P.2d at 1131 (emphasis added).

¶ 6 The same reasoning applies to the institutional earned credits at issue here. A statute may render the defendant ineligible for certain earned credits as a consequence of conviction, but the precise effect of this consequence on his sentence is entirely uncertain at the time of the plea. Earned credit is based on an inmate's classification level under Department of Corrections policy, which is impossible to predict for a given inmate at a particular time. Classification levels for earned credit vary based on conduct, time served, work assignments, and quality of the inmate's evaluations, among other things. 57 O.S.Supp.2005, § 138(D). Even when such credits are earned during incarceration, all or part of the credits are subject to administrative revocation by the Department of Corrections for misconduct, non-performance of assigned work, or other disciplinary action. § 138(C). The net effect of Petitioner's ineligibility for earned credits on his sentence is impossible to quantify at the time of his plea. This distinguishes such earned credits from a sentencing consequence like the "85% Rule," which has a calculable effect on the term of imprisonment to be imposed by the court at sentencing.

■ ¶ 7 In this case, Petitioner's drug trafficking conviction does not render him ineligible for parole, consideration for which must be afforded by statute upon the completion of one-third (1/3) of ·his sentence. 57 O.S.Supp.2005, § 332.7(B). His ineligibility for earned credit does not create a mandatory minimum sentence which the defendant must serve, though such credit may have "shorten[ed] his time in prison" by some indeterminate amount, like the work credits in *Robinson. Id.* at ¶ 7, 806 P.2d at 1130.

We therefore hold, as we did in *Robinson,* that at the time of entering a plea of guilty or *nolo contendere,* neither a sentencing judge nor a defendant has any enforceable expectations with respect to the defendant's actual release "short of his statutory term," i.e., the actual term of imprisonment imposed by the Court. *Robinson,* at ¶ 11, 806 P.2d at 1131.

■ ¶ 8 Unless the specific offense is subject to a minimum percentage of imprisonment which must be served prior to eligibility for parole or earned credit, the admonition contained in Item No. 14 on Form 13.10 does not apply. A defendant's ineligibility for institutional earned credit as a result of his conviction is "not a definite practical consequence of the plea," and therefore the trial court's failure to advise Petitioner concerning this ineligibility "is not a consequence to be considered in determining that a guilty plea is made voluntarily with the understanding of the consequences of the plea." *Robinson,* at ¶¶ 10–11, 806 P.2d at 1131. The writ of certiorari is **DENIED.**

### DECISION

¶ 9 The Judgment and Sentence of the District Court of Oklahoma County is **AFFIRMED.** Pursuant to Rule 3.15, Rules of the Court of Criminal Appeals, Title 22, Ch. 18, App. (2009), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

C. JOHNSON, P.J., A. JOHNSON, V.P.J. and CHAPEL, J.: concur.

LUMPKIN, J.: specially concurs.

LUMPKIN, Judge: Specially Concur.

¶ 1 In accordance with my separate writings in *Ferguson v. State,* 2006 OK CR 36, 143 P.3d 218, and *Pickens v. State,* 2007 OK CR 18, 158 P.3d 482, I compliment the Court on its decision to limit the application of those cases to the statutes interpreted. I agree with the Court the prospect of potential earned or administrative credits at the

time of plea is too speculative and is not required for a knowing and voluntary plea.