2009 OK CR 30

Sarah Jane LEWIS, Petitioner

v.

STATE of Oklahoma, Respondent.

No. C–2009–6.

Court of Criminal Appeals of Oklahoma.

Oct. 29, 2009.

Lee Eberly, Jay, OK, attorney for defendant at plea hearing at trial.

Winston H. Connor II, Stockwell & Connor, PLLC, Miami, OK, attorney for defendant at motion to withdraw plea at trial and appeal.

Terrell Crosson, Assistant District Attorney, Jay, OK, attorney for state at trial.

Rogers S. Hughes, Stockwell & Connor, PLLC, Miami, OK, attorney for petitioner on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Jared Aden Looper, Assistant Attorney General, Oklahoma City, OK, attorneys for respondent on appeal.

### SUMMARY OPINION DENYING CERTIORARI

CHAPEL, Judge.

¶ 1 Sarah Lewis pled guilty to one count: Unlawful Distribution of Marijuana, in Delaware County District Court, Case No. CF–2006–22(A). On March 23, 2006, Lewis entered a plea of guilty in the Delaware County District Court before the Honorable Robert G. Haney. Under Lewis' plea agreement, judgment and sentence would not be imposed unless she withdrew or was removed from the drug court program. Successful completion of the program would result in a dismissal of all charges.

¶ 2 On February 21, 2008, after multiple sanctions over a two-year period, the drug court team voted to remove Lewis from drug court. A Hearing to Terminate Drug Court Proceedings was held on May 21, 2008, at which District Judge Haney sentenced Lewis to ten (10) years imprisonment and a $2,000 fine, as stipulated under the terms of her plea agreement. Lewis filed an Application to Withdraw Plea on May 29, 2008, which was denied after a June 25, 2008 hearing. Lewis appealed to this Court on September 18, 2008. We ordered a response from the State, which was filed on August 31, 2009.

¶ 3 Lewis raises five propositions of error in support of her petition:

I. The trial court abused its discretion by not allowing Lewis to withdraw her guilty plea into drug court because her plea was not given voluntarily or knowingly;

II. The trial court abused its discretion by not allowing Lewis to withdraw her guilty plea because she had not waived her rights under 22 O.S. § 996 (the Delayed Sentencing Program for Young Adults program);

III. The trial court abused its discretion by failing to recognize the ineffec-

tiveness of Lewis's counsel by counsel's failure to apprise her of her rights 22 O.S. § 996 (the Delayed Sentencing Program for Young Adults program);

IV. The trial court erred by failing to recognize Lewis's relapse under 22 O.S. § 471.7(E) and incorrectly revoked Lewis from Drug Court; and

V. The trial court erred by disallowing the testimony of a key defense witness and by denying a continuance before revoking Lewis from Drug Court.

¶ 4 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and briefs, we find that no relief is required under the law and evidence. We first note that our review of the denial of Lewis's motion to withdraw her plea is limited to whether the plea was knowing and voluntary and whether the district court had jurisdiction to accept it.[1] A voluntary guilty plea waives all but non-jurisdictional defects.[2] In addition, Lewis failed to include any of the issues now raised in her Brief, when she filed her Petition for Certiorari, as is required by our Rules.[3] She also failed to raise the issue of ineffective assistance of counsel in her Motion to Withdraw. Because Lewis raises an unusual question, worthy of resolution, we asked for a response from the State and reach the merits of the questions presented. However, because they are not properly raised under our Rules we review the issues for plain error only.

¶ 5 We find in Proposition I that the trial court was not required to inform Lewis about the Delayed Sentencing Program for Young Adults (DSPYA)[4] before she entered her plea. The trial court must ensure that a plea is knowingly, intelligently and voluntarily entered.[5] To this end, a defendant must be advised of all constitutional rights she relinquishes with her plea as well as the range of punishment.[6] The latter requirement includes statutory sentencing provisions which amount to material consequences which flow from the decision to enter a guilty plea.[7] A defendant need not be told about every statutory sentencing requirement or option for her plea to be knowing and voluntary.[8] We review the trial court's decision for abuse of discretion.[9]

¶ 6 Entry into the DSPYA program is reserved, among other persons, for adults aged 18 to 21 years who are charged with a nonviolent felony, with some limitations.[10] Lewis would have been eligible to enter DSPYA. Upon a guilty verdict, or guilty or nolo plea, the trial court shall delay sentencing for an eligible defendant for not less than 180 days nor more than a year and order the offender to DSPYA, in custody of the Department of Corrections.[11] DSPYA provides "a structured environment of intense confinement, supervision, treatment, discipline, and vocational or educational components designed specifically for the offender."[12] The plea form Lewis completed and signed does not mention the DSPYA sentencing option, Lewis claims she was not informed of it, and the State does not contest that claim.

1. *Cox v. State,* 2006 OK CR 51, ¶ 4, 152 P.3d 244, 247.

2. *Cox,* 2006 OK CR 51, ¶ 4, 152 P.3d 244, *Id.*

3. Rule 4.3(C)(50), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2009).

4. 22 O.S.Supp.2003, § 996 *et seq.*

5. *King v. State,* 1976 OK CR 103, ¶ 7, 553 P.2d 529, 532; *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A defendant may also challenge an illegal sentence or competency to plead. Lewis raises neither of these claims.

6. *King v. State,* 1976 OK CR 103, ¶ 11, 553 P.2d at 534–35.

7. *Pickens v. State,* 2007 OK CR 18, ¶ 2, 158 P.3d 482, 483 (85% Rule); *Ferguson v. State,* 2006 OK CR 36, ¶ 3, 143 P.3d 218, 219 (85% Rule); *Robinson v. State,* 1991 OK CR 23, ¶ 9, 806 P.2d 1128, 1130–31 (eligibility for probation or parole).

8. *Fields v. State,* 1996 OK CR 35, ¶¶ 28–30, 923 P.2d 624, 630.

9. *Cox,* 2006 OK CR 51, ¶ 18, 152 P.3d at 251.

10. 22 O.S.Supp.2005, § 996.1.

11. 22 O.S.Supp.2005, § 996.3.

12. 22 O.S.Supp.2003, § 996.2.

¶ 7 DSPYA is a creation of statute. Lewis argues that any rights created under DSPYA are equivalent to constitutional rights. She claims that the fact she was not informed about DSPYA is itself enough to render her plea invalid. She provides no law suggesting that DSPYA or any rights it conveys rise to the level of constitutional rights. We have described DSPYA as providing "alternative precursor sentencing options" for the class of eligible offenders; as "one of many programs designed to intervene in the lives of fledgling offenders;" as "another tool used by the District Court to assess a particular defendants behavior and evaluate the various sentencing options available for the charged offenses, taking the place of a pre-sentence investigation." [13] This language does not suggest that the DSPYA creates more than a statutory sentencing option, as opposed to a constitutional right. On its face and in this Court's discussion of it, the statute does not create a material consequence which would flow from a guilty plea, in the same way that the 85% Rule or statutory parole eligibility create a sentencing consequence.

¶ 8 We conclude in Proposition I that the DSPYA does not create or constitute a right analogous to a constitutional right. It does not create or constitute a material consequence which would flow from a plea of guilty. The trial court was not required to inform Lewis of DSPYA before she entered her plea. Whether she was informed of that program has no bearing on whether her plea was knowing and voluntary. The trial court did not abuse its discretion in accepting Lewis's plea and entry into Drug Court.

■ ¶ 9 We find in Proposition II that, as DSPYA does not create rights analogous to constitutional rights, and the trial court is not required to inform defendants of DSPYA

before entering a plea, there was no error when Lewis did not waive, on the record, any rights created by DSPYA. We find in Proposition III that, based on our conclusion in Proposition I, counsel cannot have been ineffective for failing to inform Lewis about the DSPYA program.[14]

■ ¶ 10 In Propositions IV and V Lewis raises issues arising from the trial court's decision terminating her from Drug Court. In Proposition IV Lewis claims the trial court erred in terminating her from the program without recognizing her relapses and allowing her to restart, as provided by the Drug Court statute.[15] The decision to revoke or terminate a Drug Court defendant is within the trial judge's discretion.[16] The Court "makes a factual determination involving the existence of a violation of the terms of the plea agreement or performance contract and whether disciplinary sanctions have been insufficient to gain compliance."[17] Lewis's claim, that the court and Drug Court team were not familiar with and did not follow the statutory mandate regarding relapse and restart, is not supported by the evidence. Lewis also claims that she was not given the opportunity to restart at a lower level after violating Drug Court requirements. The chance to restart is within the discretion of the Drug Court team and the court. Several witnesses testified Lewis was consistently untruthful, after several sanctions of increasing severity. Lewis stipulated to the allegations in the State's petition for removal and testified that she had committed the violations. In announcing its decision to terminate Lewis from the program, the trial court noted that Lewis had nine sanctions, and the statute allowed termination after two. The record does not support Lewis's claim that the trial court abused its discretion.[18]

---

13. *State ex rel Prater v. District Court of Oklahoma County,* 2008 OK CR 21, ¶¶ 7, 8, 188 P.3d 1281, 1282–83.

14. Lewis must show that counsel's acts or omissions throughout the pretrial and plea process fell below an objective standard of reasonableness and prejudiced her, affecting the outcome of the plea process. *Lozoya v. State,* 1996 OK CR 55, ¶ 27, 932 P.2d 22, 31. A defendant "must do more than simply testify that but for counsel's errors, he would not have pled guilty...." *Lozoya,* 1996 OK CR 55, ¶ 28, 932 P.2d at 31.

15. 22 O.S.2001, § 471.7(E).

16. *Hagar,* 1999 OK CR 35, ¶ 11, 990 P.2d 894, 898.

17. *Id.*

18. *Alexander v. State,* 2002 OK CR 23, ¶ 19, 48 P.3d 110, 114–115.

▇▇▇▇▇ ¶ 11 In Proposition V Lewis claims the trial court erred in denying her request for a continuance at the hearing on her termination from Drug Court. The decision to grant a continuance is within the trial court's discretion.[19] Lewis wanted to call an expert psychological witness for the hearing on her termination from Drug Court. She asked for and was granted a continuance of over a month when her expert could not testify on the scheduled date. Two days before the rescheduled date Lewis asked orally for another continuance for an expert, and repeated that request in writing on the morning of the hearing. Lewis explained that her original expert had refused to testify for her and she had found another one, who could not be present on that date. The trial court noted that Lewis already had one continuance for this reason, the State objected to any further continuance, and the court denied Lewis's motion.

¶ 12 This decision was not an abuse of discretion. Lewis asked that her expert witness's curriculum vitae be admitted. There is no clear offer of proof regarding the witness's expected testimony.[20] The trial court's decision was based in large part on the evidence that Lewis was untrustworthy, her own admissions that she had frequently lied to her Drug Court team, and testimony that a serially untrustworthy offender could not be successfully treated in Drug Court. The record does not show that Lewis was prejudiced by either the denial of a continuance or the lack of her expert witness.

### Decision

¶ 13 The Petition for Writ of Certiorari is **DENIED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2009), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

C. JOHNSON, P.J., A. JOHNSON, V.P.J., and LEWIS, J.: concur.

LUMPKIN, J.: concur in part/dissent in part.

LUMPKIN, Judge: concur in part/dissent in part.

¶ 1 While I agree this Petition for Certiorari should be denied, I cannot join in the majority's disregard for the Court's Rules and case law precedent.

¶ 2 The Petitioner's arguments are not properly before the Court and should be denied summarily. *See Walker v. State,* 1998 OK CR 14, ¶ 3, 953 P.2d 354, 355. Instead the majority takes up the petition on its merits because an interesting question is raised. As the State points out in its Response, Rule 4.3 requires that all petitions for certiorari contain "[t]he errors of law urged as having been committed during the proceedings in the trial court which were raised in the application to withdraw plea." Rule 4.3(C)(5), *Rules of the Oklahoma Court of Criminal Appeals,* 22 O.S., ch.18, App. (2009). The State points to several unpublished opinions where this Court has consistently and repeatedly refused to consider issues that were not raised in the Petition for Writ of Certiorari or in the Motion to Withdraw Plea filed in the District Court.

¶ 3 The majority acknowledges the Petitioner has not complied with the Rules of this Court and has thus waived review by the Court. However, the majority then decides to review the waived issues because it is an interesting question. This lack of discipline in following the Rules promulgated by the Court, together with prior decisions interpreting those Rules, throws into question the very validity of the Rules themselves. Statutes, Rules and case law give the notice that is required to provide the process that is due

---

19. *Cole v. State,* 2007 OK CR 27, ¶ 8, 164 P.3d 1089; *Harris v. State,* 2004 OK CR 1, ¶ 10, 84 P.3d 731, 740.

20. Other witnesses testified that in their opinion Lewis was as immature as a twelve-year-old and that the court should consider this in deciding whether to terminate her from the program. The State noted that these witnesses, though they knew Lewis, had no particular expertise in this area. At the close of the hearing defense counsel responded to this argument by noting for the record that, "[W]ith respect to psychological expertise or lack thereof would have been provided had we been allowed and able to call the expert we desired to call as before mentioned." As an offer of proof, this is too vague to determine what the expert testimony would have added to the proceedings.

to citizens. These items also form the basis for discipline that courts must impose on themselves to ensure all are treated consistently and validate the proposition that all will be treated equally under the law. Disregarding those rules and precedent reveals not only a lack of discipline but causes other courts to question the authority of this Court's decisions.

¶ 4 In effect, the majority is seeking to issue an advisory opinion which, through this Court's history, it has refused to do. *See, Murphy v. State*, 2006 OK CR 3, ¶ 1, 127 P.3d 1158; *Canady v. Reynolds*, 1994 OK CR 54, ¶ 9, 880 P.2d 391, 394; *Matter of L. N.*, 1980 OK CR 72, ¶ 4, 617 P.2d 239, 240.

¶ 5 I concur in the denial of the Petition for Writ of Certiorari based on an application of our Court Rules and case law, but object to the advisory *dicta* that flows from it. Therefore, I must dissent to the advisory opinion of the Court as the issue is not properly before the Court.