KELLY, Circuit Judge,
dissenting.
I agree with the court that Anderson v. State, 130 P.3d 273 (Okla.Crim.App. Feb.22, 2006) is not the case on which to reject Ms. O’Neal’s equal protection claim; it simply does not apply to defendants who plead. I disagree with the court that Mr. Sharp and Ms. O’Neal are not similarly situated because Ms. O’Neal could have raised her claim based on Ferguson v. State, 143 P.3d 218 (Okla.Crim.App. Aug.30, 2006) (negotiated nolo plea), when she filed her application to withdraw her blind nolo plea on January 22, 2007. The fact remains that Pickens v. State, 158 P.3d 482 (Okla.Crim.App. May 4, 2007), announced that the 85% rule would extend to all negotiated and blind pleas (including Ms. O’Neal’s blind nolo plea and Mr. Sharp’s guilty plea). The OCCA then applied the new rule in Mr. Sharp’s case, but not that of Ms. O’Neal. Such selective application of the rule to similarly situated defendants on appeal violates equal protection. See Griffith v. Kentucky, 479 U.S. 314, 323, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).
The OCCA apparently recognized the obvious importance of Pickens when, in denying Ms. O’Neal’s certiorari rehearing petition said that it fully considered it.[5] D. Ct. (ECF) Doc. 8-5 at 2. Indeed, Pickens is on all fours; the dissent in that case tells us that Mr. Pickens failed to raise the 85% rule in his application to withdraw before the trial court, yet the OCCA still reached the merits of his claim and granted him relief. 158 P.2d at 484 (Lumpkin, J., dissenting). Pickens applies worlds more than Anderson which the OCCA applied in rejecting Ms. O’Neal’s certiorari petition. D. Ct. (ECF) Doc. 8-3 at 3. Although the court notes that we may affirm on any basis finding support in the record, we cannot ignore the stated basis of the OCCA’s decisions and its application of Rule 4.2(B). For example, this court concludes that Mr. Sharp would be entitled to an exception to Rule 4.2(B) because his motion to withdraw came in one day after Anderson — a completely speculative conclusion. Having announced a new rule, Oklahoma must apply it evenly and on a principled basis.

. Thus, I would not reject Ms. O’Neal’s claim based upon a failure to exhaust given the date of Pickens. It is not clear what more she could have done — or what more reasonably could be expected of her — to exhaust. Moreover, because the OCCA indicated that it actually considered Pickens and its import is apparent, the purpose behind exhaustion would not be served.